THE STATE OF OHIO, APPELLEE, *v.* SANDLIN, APPELLANT.

[Cite as *State v. Sandlin* (1999), 86 Ohio St.3d 165.]

166

(No. 98–1342—Submitted May 18, 1999—Decided July 28, 1999.)

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*Kelly & Wallace Co., L.P.A., Michael P. Kelly* and *Timothy J. Kelly,* for appellant.

---

ALICE ROBIE RESNICK, J. The issue certified in this case is "whether a conviction for violation of R.C. 4511.19 which 'shall be considered a previous or subsequent conviction' pursuant to R.C. 2953.31(A), precludes a defendant from satisfying the statutory definition of a 'first offender' contained in R.C. 2953.31(A) even if the conviction sought to be expunged resulted from or was connected with the R.C. 4511.19 violation."[1]

A court may order all official records pertaining to a criminal conviction sealed (or expunged) if the offender is a "first offender" and meets certain other criteria not pertinent to this appeal. R.C. 2953.32(C)(2). R.C. 2953.31(A) defines "first offender" as:

"[A]nyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.

"For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, a conviction for a violation of any section in Chapter 4511., 4513., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section in those chapters, is not a previous or subsequent conviction. A conviction for a violation of section 4511.19, 4511.192, 4511.251, 4549.02, 4549.021, 4549.03, 4549.042, or 4549.07, or sections 4549.41 to 4549.46 of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any of those sections, shall be considered a previous or subsequent conviction."

Appellant has not requested the sealing of the records pertaining to his conviction for DUI. As to a violation of R.C. 4511.19, the records of the conviction cannot be sealed. R.C. 2953.36. Instead, appellant requests that the records pertaining to the conviction of aggravated vehicular assault be expunged,[2] assert-

---

1. *State v. McGinnis* (1993), 90 Ohio App.3d 479, 629 N.E.2d 1084, the case with which the court of appeals certified the conflict, dealt only with the issue of whether two offenses resulting from two acts separated by time but occurring on the same day were "connected with the same act." The Fourth District Court of Appeals in *McGinnis,* for whatever reason, did not address the issue presented by the case *sub judice.* Thus, the two judgments are not truly in conflict. However, we choose to address the merits raised by the case *sub judice,* since it is one that may recur in the future and is of great general interest.

2. Aggravated vehicular assault is an expungeable offense. R.C. 2953.36.

ing that because both convictions resulted from the same act, they must be counted as one conviction and therefore he has no other convictions and is a first offender.

However, a conviction for a violation of R.C. 4511.19, *inter alia,* must be considered to be a previous or subsequent conviction. R.C. 2953.31(A). Accordingly, when a person is convicted for DUI, he or she will have "previously or subsequently * * * been convicted of the same or a different offense" and cannot meet the definition of a "first offender" under R.C. 2953.31(A). Thus, a conviction of DUI always bars expungement of the record of a conviction for another criminal offense. We fail to see the reason for a distinction between cases in which the two convictions result from the same act and cases in which the two convictions result from separate acts, as long as one of the convictions is for DUI.

This interpretation of R.C. 2953.31 is consistent with the General Assembly's intent as expressed through the expungement statutes. Prior to 1984, R.C. 2953.31 defined "first offender" as "anyone who had not been convicted of *any* offense, which must be construed to include traffic violations and drunk driving." (Emphasis *sic.*) *State v. Yackley* (1989), 43 Ohio St.3d 181, 182, 539 N.E.2d 1118, 1119. Thus, a relatively minor conviction (such as speeding) could act as a bar to expungement of another conviction. *Id.* When the General Assembly amended the statute, it exempted minor traffic offenses from acting as such a bar, but it specified that a conviction under R.C. 4511.19 would continue to bar a conviction under another offense. 140 Ohio Laws, Part I, 2382, 2383.

The exemption found in R.C. 2953.31(A) and the specific bar to expungement of any convictions of DUI contained in R.C. 2953.36 show how seriously the General Assembly considers the offense of driving while under the influence of alcohol. In this light, we must hold that R.C. 2953.31 and 2953.32 bar the sealing or expungement of the record of any other conviction when a person has been convicted of a violation of R.C. 4511.19, regardless of whether the R.C. 4511.19 conviction and the other conviction resulted from the same act.

In accordance with the foregoing, we answer the certified issue in the affirmative and affirm the judgment of the court of appeals.

*Judgment affirmed.*

Moyer, C.J., Douglas, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.