JOURNAL ENTRY AND OPINION
The State of Ohio appeals from a common pleas court judgment which sealed Mary L. Chalmers' conviction for attempted passing bad checks. The state claims the court should have found Chalmers ineligible for expungement because she had a prior conviction for driving under the influence of alcohol, and she therefore did not meet the statutory requirement of being a first offender. After review of the record, we have concluded that the state failed to demonstrate that Chalmers had a prior conviction, and thus, the court properly sealed her record of conviction. Accordingly, we affirm the judgment of the trial court.
The record before us reveals that, on May 10, 1991, in accordance with a negotiated plea agreement, Chalmers pled guilty to an amended charge of attempted passing bad checks and the state nolled the remaining charges. Thereafter, the court placed Chalmers on probation and ordered her to pay restitution in the amount of $560.
Chalmers successfully completed her probation and, on May 22, 2000, filed a motion for expungement of her conviction. The state filed a brief in opposition, claiming Chalmers was ineligible for expungement because she had a 1981 case for Driving Under the Influence. In support of its motion, the state attached an abridged expungement investigation report from the probation department. That report indicated that Chalmers had been arrested for driving under the influence of alcohol on November 25, 1981, in Akron, Ohio. However, the report did not indicate whether she had ever been convicted of that charge, and instead contained a notation that [n]o further disposition available. It further provided, On 7-26-00, this officer contacted the Akron City Probation Department and the Akron Clerk Of Courts, and neither department had a record or a disposition of this case.
The court conducted a hearing on November 1, 2000. During the hearing, the prosecutor asserted that Chalmers had a 1981 driving under the influence conviction which she plead no contest to, and therefore, * * *, she is not eligible for expungement, and we ask that the Court not expunge this matter. However, the state failed to present a certified copy of a journal entry of conviction or any other evidence of a conviction. On November 22, 2000, the trial court found Chalmers to be a first offender, granted her motion for expungement, and ordered all official records pertaining to her conviction sealed pursuant to R.C.2953.32. The state has now filed an appeal from this decision, presenting the following assignment of error for our review:
 THE TRIAL COURT ERRS IN GRANTING A MOTION TO SEAL THE RECORD OF CONVICTION WHEN IT IS WITHOUT JURISDICTION TO GRANT SAID MOTION TO AN APPLICANT WHO IS NOT A FIRST OFFENDER.
The state urges that the trial court lacked jurisdiction under R.C.2953.31 et seq. to expunge Chalmers' conviction, claiming that she is not a first offender. On appeal, the state continues to maintain that Chalmers had a November 25, 1981 conviction for DUI from Akron Municipal Court for driving under the influence of alcohol.
R.C. 2953.32 provides in part:
 (A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.
* * *
(C)(1) The court shall do each of the following:
 (a) Determine whether the applicant is a first offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as a first offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not a first offender; if the court does not make that determination, the court shall determine that the offender is a first offender.
 (b) Determine whether criminal proceedings are pending against the applicant;
 (c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
 (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.
 (2) If the court determines, after complying with division (C)(1) of this section, that the applicant is a first offender or the subject of a bail forfeiture, that no criminal proceeding is pending against the applicant, and that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is a first offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in division (G) of this section, shall order all official records pertaining to the case sealed and, except as provided in division (F) of this section, all index references to the case deleted and, in the case of bail forfeitures, shall dismiss the charges in the case. The proceedings in the case shall be considered not to have occurred and the conviction or bail forfeiture of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code. * * *
(Emphasis added.)
R.C. 2953.31 defines first offender as follows:
 (A) "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.
(Emphasis added.)
The state relies on State v. Sandlin (1999), 86 Ohio St.3d 165, 168, wherein the court stated that a conviction of DUI always bars expungement of the record of a conviction for another criminal offense. (Emphasis added.) However, during the expungement hearing, the state failed to present a certified journal entry of conviction or otherwise demonstrate that Chalmers had been convicted on the DUI charge. The only evidence in the record before us is the abridged expungement investigation report prepared by the probation department. That report indicates Chalmers had been arrested for DUI on November 25, 1981, but does not indicate any disposition of that arrest.
Based upon the foregoing, we have concluded that the trial court properly exercised its discretion when it found Chalmers to be a first offender and granted her motion for expungement. The state's assignment of error is overruled, and the judgment of the trial court is affirmed.
It is ordered that appellee cover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ JUDGE TERRENCE O'DONNELL:
JAMES D. SWEENEY, P.J. and JAMES J. SWEENEY, J. CONCUR.