JOURNAL ENTRY and OPINION
Santos Lozada appeals from a judgment of the common pleas court denying his motion to expunge his conviction for carrying a concealed weapon. On appeal, Lozada claims that the trial court failed to consider the requisite factors and the totality of the circumstances before denying his motion, and further claims that the state failed to prove the existence of his prior convictions because it did not present certified copies of any judgment of conviction. After reviewing the record and considering this appeal, we are convinced that the state demonstrated his previous conviction for driving with a suspended license. Accordingly, the court properly denied his motion for expungement, and we affirm that judgment.
The record before us reveals that, on July 22, 1997, Lozada pled guilty to carrying a concealed weapon. At that time, the court suspended execution of sentence and placed him on probation.
Lozada successfully completed his probation and, on January 19, 2001, moved to expunge this conviction. The state filed a brief in opposition, arguing that because he had two prior convictions for driving under suspension, he did not qualify as a first offender eligible to have his record expunged. In support of its motion, the state attached an abridged expungement investigation report from the probation department. That report indicated that Lozada had been convicted of driving under suspension in 1990 and 1992.
The court conducted an expungement hearing on June 4, 2001. During the hearing, the state presented records from the Bureau of Criminal Identification Investigation which confirmed that Lozada had two prior convictions for driving under suspension. Further, his counsel admitted these convictions but noted that the last one happened over eleven years earlier and asked the court to ignore the "letter of the law" so her client could obtain a liquor license. The court denied the motion.
Lozada now appeals, raising two assignments of error for our review. We will consider them concurrently because they involve similar issues of law and fact. They state:
 I. DEFENDANT'S APPLICATION FOR EXPUNGEMENT WAS DENIED WRONGFULLY WHERE THE COURT FAILED TO REVIEW ALL OF THE REQUISITE CRITERIA FOR ELIGIBILITY; FAILED TO REVIEW THE EVENTS THAT RESULT IN THE ORIGINAL CHARGES.
 II. DEFENDANT'S APPLICATION FOR EXPUNGEMENT WAS DENIED WRONGFULLY WHERE THE PROSECUTION FAILED TO PROVIDE A CERTIFIED COPY OF APPLICANT'S ALLEGED PRIOR CONVICTION WHICH DISQUALIFIED HIM FROM HAVE [SIC] HIS RECORD SEALED.
Lozada claims that the trial court erred in denying his motion for expungement, arguing that it failed to consider the totality of the circumstances surrounding his convictions and make the requisite findings under R.C. 2953.32(C)(1), and further arguing that the state did not present certified copies of his earlier convictions.
The state counters that it introduced sufficient evidence, including a probation report and a BCI data sheet, to demonstrate that Lozada is not a first offender; therefore, it argues that he is per se ineligible for expungement regardless of any other circumstances or findings.
R.C. 2953.32 provides in part: "* * * a first offender may apply to the sentencing court * * * for the sealing of the conviction record." (Emphasis added.)
R.C. 2953.31 defines a "first offender" as:
 (A) "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. * * *
 * * * A conviction for a violation of section 4511.19, 4511.192, 4511.251, 4549.02, 4549.021, 4549.03, 4549.042, or 4549.07 or sections 4549.41 to 4549.46 of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any of those sections, shall be considered a previous or subsequent conviction. (Emphasis added.)
R.C. 4511.192 proscribes driving with a suspended license. We have previously held that a prior conviction for driving with a suspended licence excludes a defendant from the definition of "first offender" and therefore renders him ineligible for expungement. See State v. Pantages
(Feb. 15, 2001), Cuyahoga App. No. 78446, unreported; State v. Brown
(Sept. 27, 2001), Cuyahoga App. No. 79152, unreported.
In this case, the state attached to its brief in opposition an abridged expungement investigation report from the probation department which indicates that Lozada had been convicted of driving under suspension in 1990 and 1992. At the hearing, the state presented a Bureau of Criminal Identification Investigation data sheet which further shows that Lozada had been convicted of driving with a suspended license on January 25, 1990, and again on February 10, 1992. While Lozada claims on appeal that the BCI records may have included offenses committed by his father and uncle, both of whom are also named Santos Lozada, and while the abridged expungement investigation report does contain two Social Security Numbers, 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 and 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, during the hearing, defense counsel stated:
 The problem seems to be two driving under suspension convictions and actually there is one as a minor as well. Those are all six point violations rather than serious — there is a compilation of two points, two points, whatever it was, traffic offenses.
 None of them for DUI's, Your Honor. So it's a cumulative of minor misdemeanor offenses resulting in a revocation of a license on three occasions. However, the last occasion was in `92, Your Honor. I believe the first one was `90. That is 11 years ago, Your Honor. * * * (Tr. 3)
Based on these previous convictions, Lozada is not a "first offender" and is per se ineligible for expungement of his subsequent conviction for carrying a concealed weapon.
Lozada, however, points out that the state did not present certified copies of his prior driving under suspension convictions and urges that such evidence is necessary to sufficiently prove previous convictions, relying on State v. Chalmers (May 17, 2001), Cuyahoga App. No. 78967, unreported, to support this proposition. In that case, we stated:
 The state relies on State v. Sandlin (1999), 86 Ohio St.3d 165, 168, 712 N.E.2d 740, wherein the court stated that "a conviction of DUI always bars expungement of the record of a conviction for another criminal offense." (Emphasis added.) However, during the expungement hearing, the state failed to present a certified journal entry of conviction or otherwise demonstrate that Chalmers had been convicted on the DUI charge. The only evidence in the record before us is the abridged expungement investigation report prepared by the probation department. That report indicates Chalmers had been arrested for DUI on November 25, 1981, but does not indicate any disposition of that arrest. (Emphasis added.)
 Chalmers is distinguishable on its facts from this case because, there, the trial court had no evidence of a disposition of the DUI charge; here, on the other hand, evidence of the disposition of Lozada's licence suspension cases has been presented to the trial court.
Finally, although not raised as an assignment of error, in the conclusion of his appellate brief, Lozada argues that we should apply the former expungement statute in effect at the time he committed his offense, urging that the retroactive application of the current statute is punitive in nature. However, we have consistently upheld the retroactive application of Ohio's remedial expungement law. See, e.g.,South Euclid v. Drago (Apr. 19, 2001), Cuyahoga App. No. 79030, unreported; State v. Glending (Oct. 8, 1998), Cuyahoga App. No. 74066, unreported.
We have concluded that the evidence presented by the state demonstrates that Lozada is not a first offender. Accordingly, the trial court properly denied Lozada's motion for expungement. We therefore overrule these assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and DIANE KARPINSKI, J. CONCUR