OPINION
{¶ 1} Plaintiff-appellant, state of Ohio, appeals from an order of the Franklin County Court of Common Pleas which sealed the record of defendant-appellee's, Jessica Davidson's, conviction on one count of attempted aggravated drug possession.
 {¶ 2} Appellee's conviction stemmed from events occurring in February 2000, when she was stopped by police on suspicion of driving under the influence. In the process of that investigation, police found in appellee's possession a Schedule II controlled substance known as "Ecstasy." In August 2000, appellee was convicted of operating a motor vehicle while under the influence of alcohol. In November 2000, appellee entered a guilty plea to one count of attempted aggravated possession of drugs.
 {¶ 3} In May 2002, appellee sought the expungement of the drug conviction on the grounds that the drunk driving incident occurred only seven days after her 18th birthday, that she had not had any prior convictions, that she had been at that time a model high school student, that she was continuing to earn high marks at college, that she was involved in the community as a volunteer, and that she had had no further arrests or other evidence of drug or alcohol problems. The trial court granted the expungement on these grounds, additionally stating that, under R.C. 2953.31, "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction."
 {¶ 4} Appellant now raises one assignment of error:
 {¶ 5} "The trial court erred in granting the sealing of appellee's record where appellee was ineligible for expungement because she was convicted of an OMVI and a drug offense out of the same set of underlying facts."
 {¶ 6} Appellant argues that, pursuant to R.C. 2953.31 and the Ohio Supreme Court's holding in State v. Sandlin (1999), 86 Ohio St.3d 165, the trial court was not permitted to grant an expungement under these facts. According to the state, R.C. 2953.31 operates to bar expungement in any case in which the defendant also has been convicted of an OMVI offense, even where both convictions result from the same act. Thus, because appellee was convicted of drunk driving and drug possession, the drug possession conviction cannot be expunged.
 {¶ 7} Appellee counters that, in enacting R.C. 2953.31, the legislature did not exempt from expungement all offenses arising out of the same occurrence with an OMVI, but, rather, only intended that the OMVI conviction itself be non-expungeable. She further claims that, even if the trial court lacked the statutory authority to expunge her drug conviction, the court still maintained its judicial authority to do so, and that the trial court was permitted to make an exception to the law in extraordinary cases such as her own. Finally, she asserts that her constitutionality-protected privacy interest in having the record sealed outweighed any interest by the state in maintaining the record of her conviction.
 {¶ 8} R.C. 2953.31 provides, in part:
 {¶ 9} "(A) `First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.
 {¶ 10} "For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, a conviction for a violation of any section in Chapter 4511., 4513., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section in those chapters is not a previous or subsequent conviction. A conviction for a violation of section 4511.19,4511.192 [4511.19.2], 4511.251 [4511.25.1], 4549.02, 4549.021 [4549.02.1],4549.03, 4549.042 [4549.04.2], or 4549.07 or sections 4549.41 to 4549.46
of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any of those sections, shall be considered a previous or subsequent conviction."
 {¶ 11} In Sandlin, supra, the Supreme Court addressed a case in which the defendant sought expungement of an aggravated vehicular homicide conviction stemming from an automobile accident caused by the defendant, who was also convicted on DUI charges. The question before the Supreme Court was whether the DUI conviction could be considered a previous conviction under R.C. 2953.31(A), thus removing the defendant's status as a first offender and exempting him from any possible expungement. The defendant in that case argued that, because both the DUI and the aggravated vehicular assault convictions resulted from the same act, they must be counted as one conviction and, therefore, he met the requirement of being a first offender which qualified him for an expungement. The Supreme Court disagreed, holding that:
 {¶ 12} "* * * [A] conviction for a violation of R.C. 4511.19, inter alia, must be considered to be a previous or subsequent conviction. R.C. 2953.31(A). Accordingly, when a person is convicted for DUI, he or she will have `previously or subsequently * * * been convicted of the same or a different offense' and cannot meet the definition of a `first offender' under R.C. 2953.31(A). Thus, a conviction of DUI always bars expungement of the record of a conviction for another criminal offense. We fail to see the reason for a distinction between cases in which the two convictions result from the same act and cases in which the two convictions result from separate acts, as long as one of the convictions is for DUI."
 {¶ 13} Clearly, pursuant to the holding in Sandlin, the trial court was not permitted under the statute to grant an expungement in this case.
 {¶ 14} Appellee nevertheless argues that, despite the statute and Sandlin, the trial court maintained its discretion to grant expungement in exceptional circumstances, and that, because of the many factors indicating appellee's rehabilitation, her service to the community, and her exemplary scholastic performance, the court was justified in sealing the record on her drug conviction.
 {¶ 15} While we agree that enactment of R.C. 2953.31 did not abrogate the judicial remedy of expungement in exceptional circumstances, such relief is not available to a person who has been convicted of an offense. When there has been a conviction, only statutory expungement is available. See, e.g., State v. Brasch (1997),118 Ohio App.3d 659.
 {¶ 16} Exceptional circumstances demonstrating appellee's good character were indeed present under these facts, but because appellee was actually convicted of the charge she seeks to have expunged, she cannot qualify for a judicial expungement. Nor does appellee qualify for statutory expungement because the OMVI conviction acts as a first offense under these facts. Sandlin, supra.
 {¶ 17} Based upon these considerations, the state's assignment of error is sustained, and the judgment of the trial court sealing the record of appellee's drug conviction is reversed with instructions to the trial court to dismiss appellee's application for expungement.
Judgment reversed and remanded with instructions.
PETREE, P.J., and BROWN, J., concur.