DECISION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals from the September 19, 2003 entry of the Franklin County Court of Common Pleas sealing the record of defendant-appellee, Peggy J. Withrow's conviction of illegal processing of drug documents. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} On December 26, 1991, appellee was arrested and charged with two counts of illegal processing of drug documents, a felony of the fourth degree, in violation of R.C. 2925.23. On May 19, 1992, appellee entered a plea to one count of the indictment and was sentenced to one year of incarceration, which was suspended for two years of probation.
 {¶ 3} On April 30, 2003, appellee, pursuant to R.C. 2953.32, filed an Application for Sealing of Record for her 1992 conviction. In her application, appellee maintained that she qualified as a first offender as defined in R.C. 2953.31. On August 13, 2003, the State filed an objection to appellee's application asserting that appellee did not meet the definition of a first offender. The State argued that appellee's record was non-expungeable because appellee was convicted in Reynoldsburg, Ohio, on March 13, 1985, for driving under the influence of alcohol (DUI).
 {¶ 4} By hearing notice time-stamped September 12, 2003, appellee's application for expungement was set for a September 18, 2003 hearing. However, on September 18, the trial court, without conducting an evidentiary hearing on appellee's application, granted the application finding that appellee was a first offender, that there were no criminal proceedings pending against her, that her rehabilitation had been attained, and that the sealing of her record was consistent with public interest. It is from this entry that the State timely appeals, assigning the following as error:
First Assignment of Error
The court erred when it granted an application for expungement without holding a hearing.
Second Assignment of Error
The trial court ered [sic] when it sealed the record of an applicant who had previously been convicted of driving under the influence of alcohol.
 {¶ 5} R.C. 2953.32(A)(1) provides a mechanism by which a first offender may have his or her conviction record sealed. R.C.2953.32(B) sets forth the procedure followed in applications to seal the records of a criminal case:
(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. * * *
(Emphasis added.)
 {¶ 6} R.C. 2953.32(B) mandates that the trial court set a hearing for an expungement application. The requirement of a hearing set forth in R.C. 2953.32(B) is mandatory and each application for expungement must be set forth for hearing. Statev. Saltzer (1984), 14 Ohio App.3d 394. It is axiomatic that the use of the word "shall," in a statute, denotes that compliance with the commands of the statute is mandatory, absent clear and unequivocal legislative intent to the contrary. State ex rel.Botkins v. Laws (1994), 69 Ohio St.3d 383, 385. Non-compliance with a mandatory statute will render the proceedings to which it relates illegal and void. In re Davis (1999),84 Ohio St.3d 520, 522, citing State ex rel. Jones v. Farrar (1946),146 Ohio St. 467, 471-472.
 {¶ 7} Numerous appellate districts, including this one, have had the opportunity to address this issue and have found that an oral hearing is mandatory prior to the issuance of a decision on the application for sealing of record. See Saltzer, supra;State v. Perkins (Dec. 20, 2001), Cuyahoga App. No. 79823 (Eighth Appellate District); State v. Mallardi (Apr. 26, 2000), Summit App. No. 19842 (Ninth Appellate District); State v. Hall
(Mar. 20, 2000), Mahoning App. No. 99 CA 190 (Seventh Appellate District); State v. Berry (1999), 135 Ohio App.3d 250 (Second Appellate District); State v. Hagopian (Sept. 21, 1999), Franklin App. No. 98AP-1572 (Tenth Appellate District); State v.Bauer (Mar. 29, 1996), Montgomery App. No. 15316 (Second Appellate District); State v. Starkey (Mar. 1, 1991), Trumbull App. No. 90-T-4463 (Eleventh Appellate District); Middletown v.Egelston (Mar. 17, 1986), Butler App. No. CA85-08-097 (Twelfth Appellate District); see, also, State v. Haney (Nov. 23, 1999), Franklin App. No. 99AP-159 (rationale that a court must hold a hearing is obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence prior to rendering its decision).
 {¶ 8} Pursuant to these authorities, we find the trial court erred in failing to conduct a hearing on appellee's application for sealing of record pursuant to R.C. 2953.32(B). As such, the State's first assignment of error has merit and is sustained.
 {¶ 9} In the State's second assignment of error, it argues that the trial court erred in not considering the State's objections to appellee's application, and when the trial court failed to recognize that R.C. 2953.36(B) prohibited the sealing of appellee's record as she was previously convicted in 1985 in Reynoldsburg, Ohio, for a DUI. Because the trial court has yet to hold a hearing, we decline to address the State's argument that appellee does not meet the definition of a first offender. Appellant's second assignment of error is rendered moot.
 {¶ 10} For the foregoing reasons, the State's first assignment of error is sustained, the State's second assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for a hearing on appellee's application for sealing of record.
Judgment reversed and remanded.
 Brown and Sadler, JJ., concur.