OPINION
{¶ 1} Appellant, Robert A. Tinker, appeals from an entry of the Franklin County Court of Common Pleas denying his application for expungement and sealing of the record in case No. 98CR-01-260. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} As a result of events that occurred on or about December 1, 1997, appellant was convicted of "hit-skip," a violation of R.C. 4549.02, as well as carrying a concealed weapon ("CCW"). On August 7, 2003, appellant filed an application for the sealing of all records of conviction in case No. 98CR-01-260, pursuant to R.C. 2953.32. Particularly, appellant sought to have his CCW conviction expunged. (See appellant's brief, at 2.) The memorandum in support asserted that appellant qualified as a first offender, as defined in R.C. 2953.31, and met all the requirements of R.C. 2953.32. Appellee, State of Ohio, objected, arguing that appellant was not a "first offender" as that term is defined in R.C. 2953.31(A). A hearing on this matter was held on November 25, 2003. On December 1, 2003, the trial court filed an entry denying appellant's application.
 {¶ 3} Appellant appeals and has asserted the following two assignments of error:
I. The trial court erred in denying the sealing of appellant's record because it improperly determined that the defendant was not a first offender.
II. The trial court erroneously denied the appellant's equitable right to expungement.
 {¶ 4} Appellant's first assignment of error alleges that the trial court erroneously denied his application for expungement because it improperly determined that defendant was not a first offender.
 {¶ 5} "The first basic principle is that expungement is an act of grace created by the state and is a privilege, not a right." State v.Winship, Franklin App. No. 04AP-384, 2004-Ohio-6360, at ¶ 8, citingState v. Simon (2000), 87 Ohio St.3d 531, 533. Expungement should only be granted when all the requirements for eligibility are met. State v.Hamilton (1996), 75 Ohio St.3d 636, 640. Only a "first offender" may apply for expungement. R.C. 2953.32(A); State v. McCoy, Franklin App. No. 04AP-121, 2004-Ohio-6726.
 {¶ 6} For purposes of R.C. 2953.32, a first offender is defined by R.C. 2953.31(A) as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction."
 {¶ 7} Appellant recognizes that State v. Sandlin (1999),86 Ohio St.3d 165, is controlling law in this case. However, despite his recognition that Sandlin is controlling law in this case, appellant questions the reasoning of the Supreme Court of Ohio in the Sandlin
decision and argues that the case was wrongfully decided. "A court of appeals is bound by and must follow decisions of the Ohio Supreme Court, which are regarded as law unless and until reversed or overruled."Sherman v. Millhon (June 16, 1992), Franklin App. No. 92AP-89, citing both Battig v. Forshey (1982), 7 Ohio App.3d 72, and Thacker v. Bd. ofTrustees of Ohio State Univ. (1971), 31 Ohio App.2d 17. Thus, this court is bound by the Sandlin decision, and we find it applicable to the facts of this case.
 {¶ 8} In Sandlin, at 168, the Supreme Court of Ohio held that "when a person is convicted for DUI, he or she will have `previously or subsequently * * * been convicted of the same or a different offense' and cannot meet the definition of a `first offender' under R.C. 2953.31(A)." The Sandlin court stated that "a conviction of DUI always bars expungement of the record of a conviction for another criminal offense." Id.
 {¶ 9} Although the case sub judice involves a hit-skip conviction and not a DUI conviction, this distinction is inconsequential. R.C. 2953.31(A) lists specific convictions that "shall be considered a previous or subsequent conviction." Included in the list are convictions for violating R.C. 4511.19 or 4549.02. As noted by the Sandlin court, at 168, "a conviction for a violation of R.C. 4511.19, inter alia, must be considered to be a previous or subsequent conviction. R.C. 2953.31(A)." Applying Sandlin to this case, appellant's hit-skip conviction is considered "a previous or subsequent conviction," and appellant is therefore not a first offender as defined in R.C. 2953.31(A). Consequently, the hit-skip conviction bars the expungement of appellant's CCW conviction under R.C. 2953.32. Accordingly, appellant's first assignment of error is overruled.
 {¶ 10} By his second assignment of error, appellant argues that even if expungement is unavailable under R.C. 2953.32, he still had an equitable right to expungement.
 {¶ 11} In this case, appellant seeks expungement of a CCW conviction. This court has previously noted that the judicial remedy of expungement, which may be available in exceptional circumstances, "is not available to a person who has been convicted of an offense." State v. Davidson,
Franklin App. No. 02AP-665, 2003-Ohio-1448, at ¶ 15, citing State v.Brasch (1997), 118 Ohio App.3d 659. Therefore, appellant's second assignment of error is without merit and is accordingly overruled.
 {¶ 12} In summary, because the expungement of appellant's CCW conviction was not available by statute nor by the equitable doctrine of judicial expungement, the trial court did not err when it denied appellant's request for expungement. Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Klatt, JJ., concur.