DECISION
{¶ 1} Appellant, State of Ohio ("state"), appeals from an entry of the Franklin County Court of Common Pleas, granting appellee's, Nina M. Byrd's, application for expungement.
 {¶ 2} On March 12, 2004, appellee filed an application to seal all official records of conviction in case No. 90CR-4982. On June 22, 2004, the state filed objections to the sealing of appellee's record of conviction, and requested a hearing pursuant to R.C. 2953.32(B). By entry filed on July 28, 2004, the trial court granted appellee's application.
 {¶ 3} On appeal, the state sets forth the following assignment of error for review:
The trial court erred in granting defendant's application for sealing of record without holding an oral hearing.
 {¶ 4} The sole issue raised by the state is whether the trial court erred in granting appellee's application for expungement without holding an oral hearing.
 {¶ 5} In general, expungement is a privilege, not a right, and "should only be granted when all the requirements for eligibility are met." Statev. Tinker, Franklin App. No. 03AP-1203, 2005-Ohio-2289, at ¶ 5. Under Ohio law, "[o]nly a `first offender' may apply for expungement." Id. Pursuant to R.C. 2953.31, a "first offender" is defined as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." Further, "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." Id. However, in construing R.C. 2953.31(A), it has been held that "offenses of a similar nature committed over a period of time do not become a single offense regardless of the similarity of criminal activity." State v. Bradford (1998), 129 Ohio App.3d 128,129 (finding that defendant's offenses of theft and forgery, committed over the course of two days in three distinct locations, did not merge into a single offense for expungement purposes under R.C. 2953.31(A).
 {¶ 6} R.C. 2953.32(B) states in part:
Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. * * *
 {¶ 7} In the present case, the state contends that, although it requested a hearing on the application and the trial court set a hearing date, the court nevertheless granted appellee's application without ever conducting a hearing. The state, noting that it attached to its objection a copy of a Bureau of Criminal Investigation printout listing a 1991 conviction of Nina M. Byrd in Hamilton County for attempted misuse of credit cards, requests that this case be remanded to the trial court to determine whether appellee is a "first offender." More specifically, the state requests a remand for a determination as to whether appellee's conviction for attempted misuse of a credit card in Hamilton County, and her conviction for receiving stolen property in case No. 90CR-4982, involve convictions that "result from or are connected with the same act or result from offenses committed at the same time[.]" R.C. 2953.31(A).
 {¶ 8} In State v. Withrow, Franklin App. No. 03AP-999, 2004-Ohio-3699, at ¶ 6-7, this court held:
R.C. 2953.32(B) mandates that the trial court set a hearing for an expungement application. The requirement of a hearing set forth in R.C.2953.32(B) is mandatory and each application for expungement must be set forth for hearing. State v. Saltzer (1984), 14 Ohio App.3d 394,471 N.E.2d 872. It is axiomatic that the use of the word "shall," in a statute, denotes that compliance with the commands of the statute is mandatory, absent clear and unequivocal legislative intent to the contrary. State ex rel. Botkins v. Laws (1994), 69 Ohio St.3d 383, 385,632 N.E.2d 897. Non-compliance with a mandatory statute will render the proceedings to which it relates illegal and void. In re Davis (1999),84 Ohio St.3d 520, 522, 705 N.E.2d 1219, citing State ex rel. Jones v.Farrar (1946), 146 Ohio St. 467, 471-472, 66 N.E.2d 531.
Numerous appellate districts, including this one, have had the opportunity to address this issue and have found that an oral hearing is mandatory prior to the issuance of a decision on the application for sealing of record. See Saltzer, supra; State v. Perkins (Dec. 20, 2001), Cuyahoga App. No. 79823 (Eighth Appellate District); State v. Mallardi
(Apr. 26, 2000), Summit App. No. 19842 (Ninth Appellate District); Statev. Hall (Mar. 20, 2000), Mahoning App. No. 99 CA 190 (Seventh Appellate District); State v. Berry (1999), 135 Ohio App.3d 250, 733 N.E.2d 651
(Second Appellate District); State v. Hagopian (Sept. 21, 1999), Franklin App. No. 98AP-1572 (Tenth Appellate District); State v. Bauer (Mar. 29, 1996), Montgomery App. No. 15316 (Second Appellate District); State v.Starkey (Mar. 1, 1991), Trumbull App. No. 90-T-4463 (Eleventh Appellate District); Middletown v. Egelston (Mar. 17, 1986), Butler App. No. CA85-08-097 (Twelfth Appellate District); see, also State v. Haney (Nov. 23, 1999), Franklin App. No. 99AP-159 (rationale that a court must hold a hearing is obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence prior to rendering its decision).
 {¶ 9} In the instant case, applying the above authorities, we agree with the state that the trial court erred in failing to conduct a hearing on the application for expungement. Accordingly, the state's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this decision.
Judgment reversed; cause remanded.
Bryant and Klatt, JJ., concur.