OPINION
{¶ 1} Appellant, State of Ohio ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, which issued an order sealing the conviction record of defendant-appellee, Darryl M. Bonner ("appellee"). For the following reasons, we reverse and remand the matter to the trial court.
 {¶ 2} On May 5, 2005, appellee filed an application to seal the record of his 1992 conviction for drug possession. On October 13, 2005, appellant objected to sealing appellee's record and requested a hearing on the application. In support of its objection, appellant presented evidence purporting to show that the 1992 conviction was not appellee's only conviction.
 {¶ 3} The court scheduled a hearing on the application for November 15, 2005. However, the record contains no evidence that a hearing occurred, and no transcript was available for filing.
 {¶ 4} On November 15, 2005, the court issued an order sealing the record of appellee's 1992 conviction for drug possession. The order does not refer to any other charges or convictions.
 {¶ 5} Appellant filed a timely notice of appeal and raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED IN GRANTING [APPELLEE'S] APPLICATION FOR SEALING OF RECORD WITHOUT HOLDING AN ORAL HEARING.
SECOND ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED WHEN IT GRANTED [APPELLEE'S] APPLICATION FOR EXPUNGEMENT AS [APPELLEE] WAS NOT A "FIRST OFFENDER."
 {¶ 6} We begin with appellant's first assignment of error, which argues that the trial court erred in granting appellee's application without holding an oral hearing. We agree.
 {¶ 7} In general, expungement is a privilege, not a right, and "should only be granted when all the requirements for eligibility are met." State v. Tinker, Franklin App. No. 03AP-1203, 2005-Ohio-2289, at ¶ 5. R.C. 2953.32(B) states, in pertinent part:
Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. * * *
 {¶ 8} This court has interpreted R.C. 2953.32(B) to mean that the trial court must set a hearing for an expungement application. State v. Withrow, Franklin App. No. 03AP-999,2004-Ohio-3699, at ¶ 6-7. "The requirement of a hearing * * * is mandatory and each application for expungement must be set forth for hearing." Id. at ¶ 6. Failure to hold a hearing will result in reversal on appeal. See In the Matter of Byrd, Franklin App. No. 04AP-854, 2005-Ohio-3148, and cases cited therein.
 {¶ 9} Here, although the trial court scheduled a hearing, the record contains no evidence that the trial court actually held a hearing, and appellee did not file a brief to argue otherwise. On this record, we can only conclude that the court granted appellee's application without first holding an oral hearing, in violation of R.C. 2953.32. Therefore, we sustain appellant's first assignment of error.
 {¶ 10} In its second assignment of error, appellant argues that the court had no jurisdiction to grant appellee's application because appellee was not a "first offender." Under Ohio law, "only a `first offender' may apply for expungement."Tinker at ¶ 5. R.C. 2953.31 defines a "first offender" as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." If the applicant is not a first offender, the trial court lacks jurisdiction to grant the expungement. In the Matter of Barnes, Franklin App. No. 05AP-355, 2005-Ohio-6891, at ¶ 12. As a result, an order expunging the record of anyone who is not a first offender is void for lack of jurisdiction. Id. at ¶ 13.
 {¶ 11} In this case, in support of its objection below, appellant attached a copy of a Bureau of Criminal Identification Investigation ("BCI") criminal history record. On appeal, appellant argues that the BCI record shows that appellee had been convicted of consuming alcohol in a motor vehicle and, therefore, was not a first offender.
 {¶ 12} We find, however, that the evidence is not clear enough for this court, on appeal, to determine whether appellee was a first offender. Rather, the printout identifies a number of arrests followed, apparently, by dismissals or decisions not to prosecute. The only reference to a possible conviction for consuming alcohol in a motor vehicle is a handwritten notation of "cnsump Intox M V[,]" part of which is obscured on our record copy, as well as other notes reflecting activity in September 1992. Without supporting evidence or explanatory testimony, however, these handwritten notes are insufficient for us to determine whether appellee was a first offender. Instead, we leave that determination to the trial court following an oral hearing. For these reasons, we overrule appellant's second assignment of error.
 {¶ 13} In conclusion, we sustain appellant's first assignment of error and overrule appellant's second assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for an oral hearing on appellee's application to seal his record of conviction.
Judgment reversed and cause remanded with instructions.
Klatt, P.J., and Travis, J., concur.