DECISION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals from the February 7, 2006 entry of the Franklin County Court of Common Pleas sealing the records of defendant-appellee, Robert M. Stoica, in case No. 04CR-01-403. For the reasons that follow, we reverse and remand.
 {¶ 2} On April 1, 2005, appellee, acting pro se, filed an application for sealing of record in case No. 04CR-01-403, pursuant to R.C. 2953.52. The state objected to appellee's application. The record demonstrates that there was no oral hearing held on the matter, even though an oral hearing was scheduled for February 3, 2006. On February 7, 2006, the trial court filed an entry granting appellee's application to seal the record.
 {¶ 3} The state timely appeals from that entry and has set forth the following single assignment of error for our review:
THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S APPLICATION FOR SEALING OF RECORD WITHOUT HOLDING AN ORAL HEARING.
 {¶ 4} R.C. 2953.52 provides a mechanism by which any person, who is found not guilty of an offense by a jury or a court, or who is the defendant named in a dismissed complaint, indictment, or information, may have the records pertaining to the case sealed. As pertinent to this case, the statute provides that, upon the filing of an application to have records sealed, "the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing on the application." R.C.2953.52(B)(1). Furthermore, upon the filing of such an application, R.C. 2953.52(B)(2) requires the trial court to:
(a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreman or deputy foreman of the grand jury;
(b) Determine whether criminal proceedings are pending against the person;
(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.
 {¶ 5} In view of the language contained in R.C. 2953.52(B), a trial court must hold an oral hearing prior to issuing a decision on an application for sealing of records. See, e.g., State v.Withrow, Franklin App. No. 03AP-999, 2004-Ohio-3699 (requiring a hearing pursuant to identical language contained in R.C.2953.32[B] for the sealing of records subsequent to conviction); see, also, State v. Haney (Nov. 23, 1999), Franklin App. No. 99AP-159 (finding that the rationale for requiring a hearing "is obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence prior to rendering its decision in order to make several determinations pursuant to R.C. 2953.52[B][2][a] through [d]").
 {¶ 6} Considering the foregoing, we find that the trial court erred in granting appellee's application for sealing of the record in case No. 04CR-01-403, without first holding an oral hearing on the matter. Therefore, the state's single assignment of error is sustained. Accordingly, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this decision.
Judgment reversed; cause remanded.
McGrath and Travis, JJ., concur.