OPINION
{¶ 1} Appellant, the State of Ohio ("appellant"), filed this appeal seeking reversal of a decision by the Franklin County Court of Common Pleas granting the application made by appellee, Aaron Thompson ("appellee"), to seal the record of his conviction in case No. 02CR-944 pursuant to R.C. 2953.32. For the reasons that follow, we reverse the trial court's decision.
 {¶ 2} Appellee was originally indicted on two counts of assault. Ultimately he pled guilty to one count of assault, a fifth degree felony, and it was the record of this *Page 2 
conviction that appellee sought to have sealed. Appellant objected, arguing that appellee was not a "first offender" as provided in R.C.2953.32(A)(1), and therefore was not eligible to have the record of conviction sealed. Appellant pointed to appellee's criminal record, which included a conviction for operating a vehicle while intoxicated ("OVI"), in support of its contention that appellee was not a first offender. The trial court considered appellee's record, and found that the date of offense for the OVI conviction was the same as the date of offense for the assault conviction. Since the two offenses occurred on the same date, the trial court found that appellee was eligible to have the record of the assault conviction sealed, and granted appellee's application.
 {¶ 3} Appellant filed this appeal, alleging as the sole assignment of error:
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S APPLICATION FOR EXPUNGEMENT AS DEFENDANT WAS NOT A "FIRST OFFENDER."
 {¶ 4} The process for ordering a record of conviction to be sealed (more commonly referred to as "expungement") is governed by R.C. 2953. 31 et seq. It is well-settled that "[e]xpungement is an act of grace by the state, and so is a privilege, not a right." State v. Simon (2000),87 Ohio St.3d 531, 533, 2000-Ohio-474, 721 N.E.2d 1041. Consequently, a trial court should only order an expungement when all of the requirements for eligibility have been met. State v. Hamilton (1996),75 Ohio St.3d 636, 1996-Ohio-440, 665 N.E.2d 669.
 {¶ 5} The initial question that must be answered is whether an applicant is a "first offender," since pursuant to R.C. 2953.32(A)(1), only a first offender can apply to have a record of conviction sealed. If the applicant is not a first offender, the trial court lacks *Page 3 
jurisdiction to grant an expungement. State v. McCoy, Franklin App. No. 04AP-121, 2004-Ohio-6726.
 {¶ 6} R.C. 2953.31(A) defines first offender as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." That section further provides that "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." However, the section also provides that convictions for violation of R.C. 4511.19 or any equivalent municipal ordinance "shall be considered a previous or subsequent conviction." R.C. 4511.19 is the section defining the offense of OVI. We note that appellee did not seek to have the record of his OVI conviction sealed, nor could he have, as R.C. 2953.36 provides that the record of an OVI conviction cannot be sealed.
 {¶ 7} The trial court relied on the evidence presented that appellee's convictions for assault and OVI had the same offense date, and therefore concluded that the two convictions counted as one conviction for purposes of determining that appellee was a first offender. However, the Ohio Supreme Court has previously considered the question of whether the language cited above requiring that an OVI conviction be considered a previous or subsequent conviction bars sealing the record of any other conviction. State v. Sandlin, 86 Ohio St.3d 165, 1999-Ohio-147,712 N.E.2d 740. The court stated:
 [W]hen a person is convicted for DUI, he or she will have "previously or subsequently * * * been convicted of the same or a different offense" and cannot meet the definition of a "first offender" under R.C. 2953.31(A). Thus, a conviction of DUI always bars expungement of *Page 4 
the record of a conviction for another criminal offense. We fail to see the reason for a distinction between cases in which the two convictions result from the same act and cases in which the two convictions result from separate acts, as long as one of the convictions is for DUI.
Id. at 168.
 {¶ 8} Thus, the trial court erred when it concluded that appellee was a first offender under R.C. 2953.31(A), because "R.C. 2953.31 and2953.32 bar the sealing or expungement of the record of any other conviction when a person has been convicted of a violation of R.C.4511.19, regardless of whether the R.C. 4511.19 conviction and the other conviction resulted from the same act." Id.
 {¶ 9} We note that the record shows that appellant did not raise this specific argument with the trial court, either in its written objection to appellee's application or in the hearing held by the trial court, although appellant did argue that appellee was not a first offender for purposes of the statute. However, appellant's failure to raise this specific argument prior to appeal is not relevant, because as previously stated, the question of whether a person is a first offender eligible for expungement is jurisdictional, and therefore can be raised for the first time on appeal. See In re Barnes, Franklin App. No. 05AP-355,2005-Ohio-6891.
 {¶ 10} Therefore, we sustain appellant's assignment of error, reverse the decision of the Franklin County Court of Common Pleas, and remand this matter for further proceedings consistent with this opinion.
Judgment reversed; cause remanded. Before: PETREE and BROWN, JJ., concur. *Page 1