OPINION
{¶ 1} Plaintiff-appellant, State of Ohio (the "state"), appeals from the judgment of the Franklin County Court of Common Pleas that granted defendant-appellee, Cheryl F. Wilson's application for expungement.
 {¶ 2} In case No. 95CR-7161, appellee was charged with aggravated drug trafficking and complicity to commit aggravated drug trafficking. The case was nolled on February 3, 1997. In case No. 97CR-7056, appellee was indicted on seven counts. The criminal activity alleged in counts one through three was committed in 1995. The criminal *Page 2 
activity alleged in counts five through seven occurred in 1997. Appellee entered a guilty plea to count three, aggravated trafficking occurring in 1995, a third-degree felony, and counts five and six, trafficking occurring in 1997, both felonies of the fourth degree.
 {¶ 3} On March 13, 2006, pursuant to R.C. 2953.32, appellee filed an application to seal the record of her convictions in case No. 97CR-7056. The state filed an objection to appellee's application asserting that appellee did not qualify for expungement since she could not be considered a "first offender" as is defined in R.C. 2953.31.
 {¶ 4} The trial court held a hearing on appellee's application on September 28, 2006. The trial court continued the matter to permit the state to respond to appellee's arguments made at the hearing. On October 6, 2006, the state reasserted that appellee did not qualify for expungement under R.C. 2953.32. A second hearing was held on October 12, 2006, at which time the trial court granted appellee's application to seal the record.
 {¶ 5} In its appeal, the state brings a single assignment of error for our review: THE TRIAL COURT ERRED BY GRANTING DEFENDANT'S APPLICATION TO SEAL THE RECORD OF HER CRIMINAL CONVICTIONS AS DEFENDANT FAILED TO QUALIFY AS A FIRST OFFENDER.
 {¶ 6} Generally, this court reviews a trial court's disposition of an application for sealing of record for an abuse of discretion. State v.Hilbert (2001), 145 Ohio App.3d 824, 827. An abuse of discretion is more than an error of law or judgment; it implies that the attitude of the trial court was "unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo. State v. *Page 3 Derugen (1996), 110 Ohio App.3d 408, 410, discretionary appeal not allowed, 77 Ohio St.3d 1419.
 {¶ 7} The expungement procedure set forth in R.C. 2953.31 et seq., creates a civil remedy. State v. LaSalle, 96 Ohio St.3d 178,2002-Ohio-4009, ¶ 19. It is well-settled that "`[e]xpungement is an act of grace created by the state,' and so is a privilege, not a right."State v. Simon (2000), 87 Ohio St.3d 531, 533, quoting State v.Hamilton (1996), 75 Ohio St.3d 636, 639. Therefore, "expungement should be granted only when all requirements for eligibility are met."Simon, at 533, citing Hamilton, at 640. "An expungement proceeding is not an adversarial one; the primary purpose of an expungement hearing is to gather information." Id.
 {¶ 8} The applicant must meet the statutory eligibility criteria in order to invoke the court's jurisdiction to expunge a conviction. "There is no burden upon the state other than to object to an application for expungement where appropriate." State v. Reed, Franklin App. No. 05AP-335, 2005-Ohio-6251, ¶ 13.
 {¶ 9} Pursuant to R.C. 2953.32(A)(1), under certain circumstances, a "first offender" may apply to the sentencing court for sealing of a conviction record. If the applicant is not a "first offender," the trial court lacks jurisdiction to grant an expungement. State v.Thompson, Franklin App. No. 06AP-881, 2007-Ohio-1503, at ¶ 5, citingState v. McCoy, Franklin App. No. 04AP-121, 2004-Ohio-6726.
 {¶ 10} R.C. 2953.31(A) defines the term "first offender" as used in R.C. 2953.31 to 2953.36, as follows: "[F]irst offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the *Page 4 
same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C) (1) (a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.
 {¶ 11} At the hearing on appellee's application to seal the record, appellee did not dispute that her convictions pertained to criminal activity in 1995 and 1997. Though arising out of the same indictment and same plea hearing, appellee argued to the trial court that the conviction pertaining to the 1995 criminal activity should be disregarded as a matter of policy because of her cooperation with law enforcement, and that appellee has been rehabilitated.
 {¶ 12} The state argues that appellee is disqualified from "first offender" status under either alternative definition of a "first offender" because the criminal acts were not committed at the same time, nor were the acts committed within a three-month period. Therefore, the state argues the trial court erred in disregarding the jurisdictional "first offender" requirement of R.C. 2953.32.
 {¶ 13} The state's position is well-taken. The record indicates that though there were three convictions resulting from the same indictment, the convictions did not result from related criminal acts that were committed within a three-month period but did not result from the same act or from offenses committed at the same time. Appellee entered *Page 5 
a plea and was convicted for drug offenses that occurred in 1995 and separate offenses that occurred in 1997. The dates of appellee's crimes were outside the three-month parameter required for appellee to demonstrate "one conviction" in order to be found a "first offender." As previously noted, if an applicant for expungement is not a "first offender," the trial court lacks jurisdiction to grant an expungement.Thompson, supra. See, also, State v. Krantz, Cuyahoga App. No. 82439, 2003-Ohio-4568, at ¶ 23, appeal denied, 101 Ohio St.3d 1421,2004-Ohio-123, citing State v. Stalzer (1985), 20 Ohio App.3d 277, 278. Because appellee was not a "first offender," expungement of appellee's convictions was prohibited by statute and the trial court was without jurisdiction to consider the application. See State v. Holdren, Licking App. No. 03 CA 25, 2003-Ohio-6789 (holding that though separate crimes were captioned under one case number, the crimes occurred outside the three-month parameter contained in R.C. 2953.31, and therefore, the applicant for expungement was not a "first offender" under the statute and was not eligible for expungement). Accordingly, the state's assignment of error is sustained.
 {¶ 14} For the foregoing reasons, the state's sole assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court with instructions to the trial court to dismiss appellee's application for expungement and to unseal the record of her conviction.
Judgment reversed and remanded.
 BROWN and TYACK, JJ., concur. *Page 1