[Cite as *State v. M.D.*, 196 Ohio App.3d 174, 2011-Ohio-1804.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95383**

## THE STATE OF OHIO,

APPELLEE,

v.

## M.D.,

APPELLANT.

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-360551

**BEFORE:** E. Gallagher, J., Kilbane, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 14, 2011

**ATTORNEYS:**

William D. Mason, Cuyahoga County Prosecuting Attorney, and
Diane Smilanick, Assistant Prosecuting Attorney,
for appellee.


Zukerman, Daiker & Lear Co., L.P.A.,
Larry W. Zukerman, and S. Michael Lear,
for appellant.

EILEEN A. GALLAGHER, Judge.

{¶ 1} Appellant, M.D.,[1] appeals the trial court's June 9, 2010 order denying his application to seal all official records of his four 1998 convictions. Appellant's sole of assignment of error complains that the trial court erred in holding that he was not a "first offender" for purposes of expungement under R.C. 2953.31. For the following reasons, we reverse and remand.

{¶ 2} On March 3, 1998, M.D. was charged in a six-count indictment with two counts of receiving stolen property, as well as forgery, uttering, obstructing justice, and tampering with evidence. At trial, the jury found M.D. not guilty of the first count of receiving stolen property and guilty of the remaining charges. The tampering-with-evidence conviction was subsequently vacated on appeal in 2004. M.D. completed his sentences on the remaining convictions for Count 2, receiving stolen property; Count 3, forgery; Count 4, uttering; and Count 5, obstructing justice.

{¶ 3} On July 2, 2008, appellant filed an application to seal all official records. The trial court held a hearing on the matter and denied the application without opinion on November 12, 2008. M.D. appealed the trial court's decision and, in *State v. M.D.,* 8th Dist. No. 92534, 2009-Ohio-5694, this court reversed and remanded the matter with instructions to the trial court to issue findings in accordance with R.C. 2953.32. On June

---

[1] The anonymity of the defendant is preserved in accordance with this court's Guidelines for sealing records on criminal

9, 2010, the trial court issued a journal entry finding that appellant did not qualify as a "first offender" under R.C. 2953.31 and again denied M.D.'s application to seal all official records. It is from this order that appellant presently appeals.

**{¶ 4}** A trial court shall grant expungement only to an applicant who meets all the requirements presented in R.C. 2953.32. *State v. Simon* (2000), 87 Ohio St.3d 531, 533, 721 N.E.2d 1041. Pursuant to R.C. 2953.32(C), before ruling on a motion to seal a record of conviction, the court must determine whether the applicant is a first offender, whether criminal proceedings are pending against him or her, and whether the applicant has been rehabilitated to the court's satisfaction. Additionally, the court must consider any objections of the prosecutor and weigh the interests of the applicant in having the records pertaining to his or her conviction sealed against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.32(C). If the applicant fails to meet one of the requirements in R.C. 2953.32(C), the trial court must deny the motion for expungement. *State v. Krantz*, Cuyahoga App. No. 82439, 2003-Ohio-4568, ¶ 23.

**{¶ 5}** The sole issue before us is whether appellant qualifies as a first offender for the purpose of expunging his criminal convictions. Appellant initially argues that his status as a first offender has already been established because, at oral hearing in the prior appeal, the state conceded that appellant was a first offender. Appellant incorrectly treats the "first offender" status as a fact that can be stipulated to by the state. "First

appeals.

offender" status is a legal question that R.C. 2953.32(C)(1)(a) obligates the trial court to determine. Further, whether an applicant is a first offender is a question of law to be reviewed de novo by an appellate court without deference to the trial court's determination. *State v. McGinnis* (1993), 90 Ohio App.3d 479, 481, 629 N.E.2d 1084.

{¶ 6} R.C. 2953.31(A) defines "first offender" as the following:

{¶ 7} "(A) 'First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of Section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction."

{¶ 8} The trial court, based upon a review of the indictment, the defendant's prior appeal from the trial verdicts, the court's expungement investigation report, and reasonable inferences from the known information, set forth the relevant facts as follows.

Appellant's receiving-stolen-property conviction (Count 2) stemmed from his receipt of a laptop computer stolen from the Cleveland Clinic. The indictment states the date of this offense as July 1, 1996, to June 2, 1997. Then, on August 29, 1997, appellant forged a pawn ticket and/or a sales slip for the computer and uttered it to the state in an effort to deflect or minimize his criminal responsibility.

{¶ 9} Pursuant to the "first offender" definition in R.C. 2953.31, we must determine whether appellant's convictions can be considered a single conviction for the purposes of expungement under R.C. 2953.32. In the present instance, the trial court properly found that appellant's convictions for forgery, uttering, and obstructing justice must be counted as one conviction as they resulted from offenses committed at the same time.

{¶ 10} However, the trial court erred in applying the exception in R.C. 2953.31 for "two or three convictions [resulting] from the same indictment," because it incorrectly stated the time frame from the *first count* of receiving stolen property with which appellant was charged, i.e., February 26, 1996, to June 30, 1996. Based on these dates, the trial court concluded that 14 months separated appellant's first receiving-stolen-property conviction and appellant's August 29, 1997 merged offenses. Appellant, however, was not convicted of the first count of receiving stolen property. He was convicted of the *second* count of receiving stolen property that had a time frame of July 1, 1996, to June 2, 1997. Thus, the trial court applied the incorrect time frame in

deciding whether appellant's convictions were within a three-month period for the purposes of merger under this exception. The proper relevant date for appellant's receiving-stolen-property conviction, June 2, 1997, is within three months of appellant's August 29, 1997 merged offenses. As appellant's receiving-stolen-property conviction and the previously merged August 29, 1997 offenses resulted from the same indictment and resulted from related criminal acts committed within a three-month period, they must be considered one conviction for the purposes of R.C. 2953.32.

{¶ 11} Appellant's sole assignment of error is sustained. We find that appellant is a first offender pursuant to R.C. 2953.31(A). The trial court's judgment denying appellant's application is reversed, and the cause is remanded to complete the necessary analysis pursuant to R.C. 2953.32.

Judgment accordingly.

KILBANE, A.J., and STEWART, J., concur.