The STATE of Ohio, Appellant,

v.

McGINNIS, Appellee.

[Cite as *State v. McGinnis* (1993), 90 Ohio App.3d 479.]

Court of Appeals of Ohio,
Scioto County.

No. 93CA2114.

Decided Sept. 28, 1993.

*Lynn A. Grimshaw,* Scioto County Prosecuting Attorney, and *R. Randolph Rumble,* Assistant Prosecuting Attorney, for appellant.

*Stanley C. Bender,* for appellee.

---

HARSHA, Presiding Judge.

The state of Ohio appeals from a judgment of the Scioto County Court of Common Pleas which granted the application for sealing of the record of appellee, Charles Douglas McGinnis. The state assigns the following error:

"The court of common pleas erred in finding that 'the petitioner [appellee] falls within the category of a first offender,' and in granting the application for expungement."

Initially, we note that the state did not order a transcript of the hearing on appellee's motion for sealing of his criminal records. Accordingly, the facts presented here have been gleaned from the filings of the parties.

In the early morning hours of June 20, 1981, McGinnis threw a cinder block through the window of the residence of his wife's paramour. At the time of this incident, McGinnis's wife was inside the residence which was located near Otway in Scioto County, Ohio. Later that same day at approximately 7:30 p.m., McGinnis was charged with operating a motor vehicle while intoxicated ("OMVI") in Brown County, Ohio. He was subsequently convicted of violating R.C. 4511.19 in that county. He was also found guilty of vandalism for the Scioto County offense on March 29, 1982, sentenced to one to five years incarceration, but placed on five years' probation. His motion for early termination of his probationary period was granted in December 1983, over objection by the state.

Nine years later, McGinnis filed a motion for the sealing of his records pursuant to R.C. 2953.32. The state of Ohio filed a motion in opposition to appellee's application, objecting on the ground that McGinnis was not a first offender within the meaning of R.C. 2953.32(C). After conducting a hearing on the motion, the Scioto County Court of Common Pleas granted appellee's application for expungement.

In order for an expungement application to be granted, R.C. 2953.32(C) requires:

(a) That the applicant be a first offender;

(b) That there is no criminal proceeding against him;

(c) That his rehabilitation has been attained to the satisfaction of the court; and

(d) That the expungement of the record of his conviction is consistent with the public interest.

The only contested issue here is whether the trial court properly determined that McGinnis qualifies as a first offender.

We note that the trial court has a significant amount of discretion in determining, first, whether the petitioner has been rehabilitated satisfactorily and, second, whether the expungement is consistent with the public interest. However, the question of whether one is a "first offender" is a question of law which is subject to an independent review by this court without deference to the trial court's determination. See *State v. Aggarwal* (1986), 31 Ohio App.3d 32, 31 OBR 47, 507 N.E.2d 1167; *Chillicothe v. Herron* (1982), 3 Ohio App.3d 468, 3 OBR 549, 445 N.E.2d 1171; *State v. Penn* (1977), 52 Ohio App.2d 315, 6 O.O.3d 357, 369 N.E.2d 1229.[1]

R.C. 2953.31(A) defines the term "first offender":

"(A) 'First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. *When two or more convictions* result from or *are connected with the same act,* or result from offenses committed at the same time, *they shall be counted as one conviction.*

"For purposes of, and except as otherwise provided in, this division, a conviction for a minor misdemeanor, a conviction for a violation of any section in Chapter 4511., * * * is not a previous or subsequent conviction. A conviction for a violation of section 4511.19 * * * shall be considered a previous or subsequent conviction." (Emphasis added.)

In construing criminal statutes, we are reminded that "[r]emedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice." R.C. 1.11. Additionally, "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). "[I]n the absence of any definition of the intended meaning of [the] words or terms used in a legislative enactment, they will, in the interpretation of the act, be given their common, ordinary and accepted meaning in the connection in which they are used." *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus.

---

1. None of these cases explicitly state the standard of review which they used, but all of them appear to make an independent determination of the movant's legal status.

■ Appellant contends that McGinnis is not a first offender because the crimes involved here, vandalism and OMVI, were separated by a significant difference in time (twelve hours) and distance (Scioto and Brown counties are not adjacent). The appellee argues that his convictions for vandalism and OMVI were "connected" within the meaning of the statute. We agree with the appellee. Webster's New World Dictionary defines "connected" as being "linked together coherently or logically." We believe that appellee's actions, which resulted in the two convictions, were "linked together * * * logically."

We note once again that since appellant did not request a transcript of the hearing on appellee's motion for expungement, we are somewhat limited in our review of the record. The expungement report presented to the trial court contained the following question and answer:

"[Q.] Is the applicant a first offender?

"[A.] No—Had DUI arrest on the same date as this offense in Georgetown, Ohio and *was related to this offense*." (Emphasis added.)

In the early morning hours of June 20, 1981, after learning that his wife was having an affair, the appellee went on a drunken binge. He went to the home of his wife's paramour, only to find her there, and then he apparently threw a brick through the residence's window. After a brief confrontation with his wife and her lover, the appellee left and continued drinking throughout the day. This drunken spree is apparently what led to his OMVI conviction. Appellee was upset and disturbed, he had been provoked, and although his actions were illegal, they were a result of his anguish. They were also logically connected.

Accordingly, we hold that appellee is a "first offender" and that the trial court did not commit error in granting his application for expungement. The judgment of the trial court is affirmed.

*Judgment affirmed.*

GREY, J., concurs.

PETER B. ABELE, J., concurs in judgment only.