DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Eric Cuttiford, appeals pro se from the Lorain County Court of Common Pleas' denial of his motion to seal his criminal record pursuant to R.C. 2953.32. We reverse and remand to the trial court for a hearing on the matter.
In January of 1992, Appellant shot and killed his son-in-law, allegedly in self-defense. Immediately after the shooting, Appellant instructed his wife to place a knife in the victim's hand. Then he lied to the police and claimed that his son-in-law was armed at the time of the attack. Shortly thereafter, Appellant told the police the truth and admitted that he had asked his wife to place the knife in his son-in-law's hand in order to bolster his claim of self-defense. Appellant was eventually found not guilty of murder or manslaughter, but he was found guilty of the felony of complicity to tampering with evidence, R.C. 2923.03(A)(1)/2921.12(A)(2), and the misdemeanor of obstructing justice, R.C. 2921.32(A)(4).[1]
Three years after his release from prison, Appellant moved to seal the record of his conviction, pursuant to R.C. 2953.32. Appellant claims that he has not been convicted of any other crimes, or even minor traffic offenses, since his release from prison. Appellant, who is now seventy-two years old, wishes to have the record sealed because he claims that his felony conviction prevents him from obtaining employment and from being allowed to visit his family in Canada, where he was born. The trial court denied this request without holding a hearing or providing any reasons for the denial.
Appellant brings this appeal, raising two assignments of error. Appellant maintains that he was denied due process of law when the trial court denied his motion to seal the record (1) without first holding a hearing, and (2) without stating the reasons for the denial of the motion. We agree with Appellant that the trial court erred when it did not conduct a hearing on the matter and indicate that it had properly considered and weighed all of the matters mandated by R.C. 2953.31
and 2953.32.
The expungement statute is "designed to recognize that individuals with a single criminal infraction may be rehabilitated." State v. Derugen (1996), 110 Ohio App.3d 408,411. A first offender may apply to have the record of his or her conviction sealed. R.C. 2953.32(A)(1). If the applicant is not a first offender, the trial court lacks jurisdiction to order expungement. State v. May (1991), 72 Ohio App.3d 664, 667. In order for an expungement application to be granted, R.C.2953.32(C)(2) requires that the applicant be a first offender, that there are no criminal proceedings against him, that rehabilitation has been attained to the satisfaction of the court, and that the expungement of the record of his conviction is consistent with the public interest. State v. McGinnis (1993),90 Ohio App.3d 479, 480-81; State v. Mastin (1992), 83 Ohio App.3d 814,815-16.
Procedurally, upon the filing of an application for expungement, the statute requires the trial court to "set a date for a hearing and * * * notify the prosecutor for the case of the hearing on the application." R.C. 2953.32(B). The trial court must also make inquiries and obtain reports concerning the applicant. See id. Furthermore, R.C. 2953.32(C)(1) directs the court to do each of the following:
 (a) Determine whether the applicant is a first offender * * *;
 (b) Determine whether criminal proceedings are pending against the applicant;
 (c) If the applicant is a first offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;
 (d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 (e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records.
The state has argued that Appellant cannot be considered a first offender because his two convictions resulted from different acts that occurred at different times and locations (placing the knife at the home, and later lying to the police at the station). We disagree. A hearing is required in this matter because it cannot readily be said that Appellant is not eligible as a first offender as a matter of law.
R.C. 2953.31(A) defines the term "first offender":
 "First offender" means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act, or result from offenses committed at the same time, they shall be counted as one conviction.
(Emphasis added). See State v. Penn (1977), 52 Ohio App.2d 315,316. Offenses which are linked together logically or coherently are considered "connected" for purposes of expungement. State v.McGinnis, 90 Ohio App.3d at 482. The question of whether one is a "first offender" entitled to expungement is a question of law which is subject to independent review by an appellate court without deference to the trial court's determination. Id. at 481.
The Fourth District Court of Appeals has held that a defendant could be considered a first offender, entitled to expungement, even though he committed two offenses, twelve hours apart and in different counties. See id. at 482. In McGinnis,
the defendant had been convicted of vandalism for throwing a cinder block through the window of his wife's paramour during the early morning hours. Later that day, in another county, he was charged with operating a motor vehicle while intoxicated. The court determined that both offenses were related because they had occurred during the same drinking spree after defendant learned that his wife was having an affair. See id. See, also, State v.Penn, supra (two robberies that occurred within minutes of each other could properly be considered to have occurred "at the same time"). Compare State v. Derugen, supra, (six separate drug and theft offenses occurring at different times do not merge, even though defendant claimed all stemmed from her drug dependency);State v. Saltzer (1985), 20 Ohio App.3d 277 (charges for eight separate theft offenses committed over a period of years do not merge into one offense, even though all were disposed of in one hearing); State v. Woods (Mar. 27, 1996), Summit App. No. 17477, unreported (convictions for burglary in one city and carrying concealed weapon in another city, two months apart, were not connected offenses).
Because it is not apparent without further review that the Appellant is not a first offender, the statute mandates that the "the court shall set a date for a hearing." R.C. 2953.32 (B). At the hearing, the trial court then shall determine whether the applicant is a first offender and consider the other enumerated factors.
A trial court has a significant amount of discretion in determining whether a petitioner has been rehabilitated satisfactorily and whether the expungement is consistent with the public interest. State v. McGinnis, 90 Ohio App.3d at 481. However, a court is not afforded any discretion in complying with all of the statute's requirements. The trial court must also provide sufficient information in its decision to enable a reviewing court to ascertain whether it has considered all matters that must be evaluated and whether it has applied the correct tests under the statute. See, generally, Dayton v. Sheibenberger
(1996), 115 Ohio App.3d 529, 535.
Appellant's assignments of error are well-taken. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
Judgment accordingly.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, P. J.
MAHONEY, J. CONCUR
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
[1] Originally, Appellant was also convicted of murder, along with the other two charges. The murder conviction was reversed on appeal, and a new trial was ordered. See State v.Cuttiford (Mar. 2, 1994), Lorain App. No. 93CA005506, unreported. On retrial, he was found not guilty of murder or manslaughter. The charges for tampering with evidence and obstructing justice were not appealed, so his sentences for these charges remained unchanged.