MEMORANDUM OPINION
{¶ 1} On September 28, 2006, appellant, Lawrence Dasch, administrator of the estate of Pauline Dasch, deceased, filed a notice of appeal from a June 3, 2005 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} Appellees, Lake Emergency Services, Inc. and Dr. Barbara Jordan, D.O., filed a motion to dismiss the appeal for untimeliness on October 13, 2006. Thereafter, on October 16, 2006, appellees, Dr. Deithra D. Cox, M.D. and Dr. Maria T. Espinosa, M.D., filed a motion to dismiss the appeal for untimeliness. On that same date, appellees, Dr. Roger Espinosa, M.D. and Lake Cardiology, Inc., filed a motion to dismiss the appeal, and appellee, Lake Hospital System, Inc., filed a separate motion to dismiss the appeal. On October 17, 2006, appellees, Dr. Raymond J. Salmone, M.D. and Physicians for Pulmonary and Critical Care, Inc., filed a motion to dismiss for untimeliness.
 {¶ 3} App.R. 4(A) provides:
 {¶ 4} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 5} In addition, Loc.R. 3(D)(2) of the Eleventh District Court of Appeals provides:
 {¶ 6} "In the filing of a Notice of Appeal in civil cases in which the trial court clerk has not complied with Ohio Civ.R. 58(B), and theNotice of Appeal is deemed to be filed out of rule, appellant shall attach an affidavit from the trial court clerk stating that service was not perfected pursuant to Ohio App.R. 4(A). The clerk shall then perfect service and furnish this Court with a copy of the appearance docket in which date of service has been noted. Lack of compliance shall result in the sua sponte dismissal of the appeal under Ohio App.R. 4(A)." (Emphasis sic.)
 {¶ 7} In the case at bar, appellant's notice of appeal was filed over fifteen months after the judgment had been issued by the trial court. Therefore, appellant has neither complied with the thirty-day rule set forth in App.R. 4(A) nor has he alleged that there was a failure by the trial court clerk to comply with Civ.R. 58(B). Thus, this court is without jurisdiction to consider this appeal.
 {¶ 8} Based upon the foregoing analysis, appellees' motions to dismiss are granted, and the appeal is dismissed pursuant to App.R. 4(A).
 {¶ 9} Appeal dismissed.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur.