JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Petitioner-appellant Vickie Panza appeals from an order denying her motion to seal the record of her conviction on grounds that she was ineligible. Her sole assignment of error complains that the court erred by finding that she was not a `'first offender" under R.C. 2953.31. We find no error and affirm.
 {¶ 2} R.C. 2953.32(A)(1) states in part:
 {¶ 3} `'Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record."
 {¶ 4} The term `'first offender" is defined by R.C. 2953.31(A) and states:
 {¶ 5} `"First offender' means anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction."
 {¶ 6} Panza filed a pro se motion to seal the record of her conviction in two separately indicted cases dating from 1983: grand theft in CR-178000 and *Page 4 
obstructing justice in CR-181055. The state opposed the motion on grounds that these two convictions rendered Panza ineligible to have the record of her conviction sealed because she was not a first offender. The court denied the motion without opinion. Panza did not appeal.
 {¶ 7} One year later, Panza obtained counsel and filed a Civ. R. 60(B) motion for relief from judgment. The motion sought vacation of the order denying the motion to seal the record of conviction on grounds that Panza was not a first offender as defined by the statute. She maintained that the obstructing justice count arose as a result of her attempt to hinder the apprehension of Edward Farrell, her codefendant in the grand theft, such that the obstructing justice count resulted from, or was connected to, the grand theft. The court denied the motion for relief from judgment, finding that Panza was ineligible to have the record of her conviction sealed.
 {¶ 8} A determination of `'first offender" status is a question of law which we review without deference to the lower court. State v.Krantz, Cuyahoga App. No. 82439, 2003-Ohio-4568, at ¶ 9. When, as here, the offender has two or more convictions, the term `'first offender" is meant to encompass offenses committed at the same time or connected with the same act. See R.C. 2953.31(A). This necessarily presupposes that there be both a temporal and a direct, proximal connection between the acts such that the commission of the two offenses are linked together `'logically." See State v. McGinnis (1993), 90 Ohio App.3d 479, *Page 5 
481. We consider this requirement to be akin to the concept of allied offenses of similar import — that is, although two offenses arose at the same time, the commission of one offense was merely `'incidental to" the commission of the other offense because they were committed with the same animus. See, e.g., State v. Logan (1979), 60 Ohio St.2d 126, syllabus.
 {¶ 9} The indictment charging the grand theft specified the date of the offense as November 1, 1982. The indictment charging obstructing justice specified the date of that offense as March 14, 1983. In no sense were these offenses so temporally related that they should be considered to constitute one offense. Moreover, the obstructing justice charge was so tangential to the grand theft charge that it could not be said to be proximal to it. The only arguable connection between them was that Panza and her codefendant were involved in the grand theft case. However, the acts constituting grand theft had long been completed by the time Panza hindered the apprehension of her codefendant, so the obstructing justice charge had no direct relationship to the commission of the grand theft offense.
 {¶ 10} We also find that Panza's argument that her conviction for obstructing justice is `'connected" with the grand theft fails the `'incidental to" test. The offenses were not committed with the same animus. In no sense could the obstructing justice count be considered to have been incidental to the grand theft count that arose months earlier. If we were to accept Panza's argument, it *Page 6 
would mean that a person who is paroled, but later charged with escape for not reporting to the parole authority, could maintain that the escape was `'connected" to the underlying offense because it would not have been possible to escape unless that person had committed the underlying offense that resulted in the first prison term. This argument would mean that any two offenses, no matter how remote in both time and causation, could be considered as one offense for purposes of R.C. 2953.31(A). This conclusion would be contrary to the intent of R.C. 2953.31(A), which plainly does not intend to make all convictions `'connected." We find that the court did not err by denying the motion to seal the record of the conviction because Panza's conviction for obstructing justice did not result from, nor was it connected to, her earlier conviction for grand theft.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR