[Cite as *State v. Dzama*, 2011-Ohio-2634.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    25404 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMIE DZAMA | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    02CRB2665 |

DECISION AND JOURNAL ENTRY

Dated: June 1, 2011

BELFANCE, Presiding Judge.

{¶1}    Jamie Dzama appeals from the order of the Stow Municipal Court denying her application requesting an order to seal the record of her prior conviction. Because we find that Ms. Dzama is a first offender as defined in the applicable statute, we reverse and remand this matter to the trial court.

I.

{¶2}    The facts of this case are undisputed. In 1998, Ms. Dzama was convicted of attempted riot, a second degree misdemeanor. See R.C. 2923.02; R.C. 2917.03. In 2002, she pleaded guilty to possession of drugs, a minor misdemeanor. In 2010, Ms. Dzama filed an application with the Stow Municipal Court to have the record of her minor misdemeanor sealed. Although it appears that the court was inclined to grant Ms. Dzama's application, it found that Ms. Dzama did not meet the statutory requirements and denied her application on that basis. Ms. Dzama appeals from that order, presenting one assignment of error.

II.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT MS. DZAMA WAS NOT A FIRST OFFENDER UNDER OHIO LAW AND THEREFORE THAT SHE WAS STATUTORILY INELIGIBLE FOR AN EXPUNGEMENT."

{¶3}    Pursuant to R.C. 2953.32(A)(1), "a first offender may apply to the sentencing court * * * for the sealing of the conviction record." Because only a first offender may apply for the sealing of a conviction record pursuant to R.C. 2953.32(C), a court must first determine the threshold question of whether the applicant is a "first offender." R.C. 2953.32(C)(1)(a). A "first offender" is defined as

"anyone who has been convicted of *an offense* * * * and who previously or subsequently has not been convicted of the same or a different offense[.] * * * For purposes of * * * this division, a conviction for a minor misdemeanor * * * is not a previous or subsequent conviction." (Emphasis added) R.C. 2953.31(A).

{¶4}    In this case, the trial court determined that Ms. Dzama was not eligible to have the record of her minor misdemeanor sealed because she was not a first offender. Ms. Dzama argues that the trial court erred in its determination because she qualifies as a first offender and thus the trial court should have proceeded to evaluate her application under the provisions of R.C. 2953.32. Because the question before us is a question of law, our review is de novo. *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶¶6-7.

{¶5}    In determining whether Ms. Dzama is a first offender, the plain language of R.C. 2953.31(A) requires us to examine whether Ms. Dzama has been convicted of an offense and whether she has previously or subsequently been convicted of the same or a different offense. In determining whether a person has been previously convicted of the same or different offense, R.C. 2953.31(A) specifically excludes consideration of a previous or subsequent conviction for a

minor misdemeanor. As an example, a person who has committed five minor misdemeanor seatbelt offenses over a span of many years, followed by a fourth degree misdemeanor, and followed by five more minor misdemeanors is a first offender under the plain language of the statute. Similarly, a person who has committed ten minor misdemeanor jaywalking offenses followed by a fourth degree misdemeanor is also defined a first offender under the statute. Ultimately, a person will be a first offender unless he or she has been convicted of two or more offenses greater than minor misdemeanors. Although a person may qualify as a first offender, it is only the first hurdle toward seeking the sealing of a conviction record. Upon consideration of a variety of factors, the trial court, may, in its discretion, deny the application. See R.C. 2953.32(C)(1).

{¶6} In the case before us, Ms. Dzama's records reveal a conviction for attempted riot in 1998 followed by a minor misdemeanor in 2002. Based upon the language contained in R.C. 2953.31(A), Ms. Dzama's minor misdemeanor conviction cannot count as a subsequent conviction. Thus, applying the plain language of R.C. 2953.31(A) Ms. Dzama is a person who has been convicted of an offense and who has not been previously convicted of the same or a different offense.

{¶7} Although R.C. 2953.31(A) defines *who* may apply to seal a record, it does not answer the question of *what* the person may apply to seal. That question is answered in R.C. 2953.32(A)(1) which permits a first offender to apply "for the sealing of the conviction record." Ms. Dzama contends that as a first offender, she may apply to seal her minor misdemeanor conviction. Paradoxically, while the State concedes that Ms. Dzama may apply for the sealing of her initial 1998 conviction, it argues that she may not apply to seal her 2002 minor misdemeanor. However, R.C. 2953.32 contains no such limitation. R.C. 2953.32(A)(1) specifically allows a

first offender to seal "the conviction record." The statute does not define the phrase "the conviction record" and does not impose any limitation upon which conviction record a person may seek to seal. The State cites no language in the statute, nor any purpose underlying the statute, that would support its position that she may not apply to seal the record of her minor misdemeanor. Contrary to the State's assertions, we find that the plain language of the statute does not limit which conviction record Ms. Dzama may apply to seal.

{¶8} Furthermore, our reading of the statutory language is consistent with the underlying purpose of the statute. "[T]he remedial expungement provisions of R.C. 2953.32 and 2953.33 must be liberally construed to promote their purposes." *State ex rel. Gains v. Rossi* (1999), 86 Ohio St.3d 620, 622. The purpose of the statute, moreover, is to "provide remedial relief to qualified offenders in order to facilitate the prompt transition of these individuals into meaningful and productive roles." *Barker v. State* (1980), 62 Ohio St.2d 35, 41. We conclude that the legislature's intent, as shown by the definition of "first offender" in R.C. 2953.31(A), was that minor misdemeanor convictions not impede a person's access to the relief authorized in R.C. 2953.32. Our conclusion is bolstered by the fact that the statute was specifically amended to exclude minor misdemeanors from the definition of prior or subsequent convictions. See, e.g., *State v. Bissantz* (1988), 40 Ohio St.3d 112, 114 (noting that statute was amended so as to place "greater emphasis on the individual's interest in having the record sealed."); *State v. Hilbert* (2001), 145 Ohio App.3d 824, 826; cf. *State v. Sandlin* (1999), 86 Ohio St.3d 165, 168. The remedial purposes of the statute are well served if Ms. Dzama is permitted to continue with her application.

{¶9} Accordingly, we conclude that the conviction that one seeks to seal pursuant to R.C. 2953.32 is not necessarily the same conviction rendering one a first offender for purposes of

R.C. 2953.31. The legislature intended that sealing be available to applicants in Ms. Dzama's circumstance, provided they meet the statutory requirements and the trial court, after hearing and making the determinations required under R.C. 2953.32(B) & (C), finds that sealing of the record is appropriate.

{¶10} We emphasize that although Ms. Dzama and similarly situated first offenders are eligible to *apply* for sealing of their records, we do not determine whether the application should be granted. The law is clear that sealing of a record of conviction is not a right but a privilege. *State v. Simon* (2000), 87 Ohio St.3d 531, 533. If an applicant is a first offender, the trial court must then consider a variety of factors to determine whether the application should be granted. These factors include whether the applicant has been rehabilitated, any objections made by the prosecutor, the applicant's interest in sealing the records, and any legitimate interest the government may have in maintaining those records. R.C. 2953.32(C)(1). The trial court has yet to fully consider the application and to determine whether Ms. Dzama "has been rehabilitated satisfactorily and whether the [sealing] is consistent with the public interest." *State v. Cuttiford* (Feb. 11, 1998), 9th Dist. No. 97CA006724, at *3. The trial court may certainly consider a first offender's full criminal record, including minor misdemeanors, in making the determinations that lie within its sound discretion under R.C. 2953.32. In deciding this case, we determine only that such minor misdemeanors do not preclude the trial court's exercise of discretion by categorically barring Ms. Dzama from applying to have her conviction record sealed.

{¶11} Because the trial court concluded that Ms. Dzama was not a first offender, it did not completely evaluate the merits of her application and consider the factors listed in R.C. 2953.32(C). We remand this case to the trial court so that it may fully consider Ms. Dzama's application.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

MOORE, J.
CONCURS

FRENCH, J.
DISSENTS, SAYING:

{¶12} I respectfully dissent. In my view, the trial court correctly determined that Ms. Dzama was ineligible to receive an expungement of her 2002 offense.

{¶13} R.C. 2953.32(A)(1) allows a "first offender" to "apply to the sentencing court * * * for the sealing of the conviction record." The sentencing court must then, among other things, determine if the applicant is a "first offender." R.C. 2953.32(C)(1). If the court determines that the applicant is a first offender and has met all other applicable requirements, then the court "shall order all official records pertaining to the case sealed." R.C. 2953.32(C)(2).

{¶14} R.C. 2953.31(A) defines " '[f]irst offender' " as "anyone who has been convicted of an offense * * * and who previously or subsequently has not been convicted of the same or a different offense." For these purposes, a minor misdemeanor is not a previous or subsequent conviction. Id.

{¶15} Here, Ms. Dzama applied to the trial court for the sealing of her 2002 conviction record. Pursuant to R.C. 2953.32, the court considered whether she was a first offender. Applying R.C. 2953.31, the court determined that, because she had a previous conviction (her 1998 conviction), which was not a minor misdemeanor, she did not meet the definition of first offender. Therefore, the court had no authority to expunge her 2002 conviction record.

{¶16} To determine otherwise would require a rewriting of the applicable statutes. Specifically, one would have to define the term "offense" in R.C. 2953.31 to mean an offense other than a minor misdemeanor. The statute contains no such limitation. Rather, the "offense" at issue here is the possession of drugs, an offense that, while a minor misdemeanor, was not a first offense.

{¶17} To be sure, Ms. Dzama presents compelling evidence that may lead a trial court to determine that her need for expungement outweighs any governmental need to maintain the record and that she is rehabilitated. Nevertheless, as written, the applicable statutes do not allow consideration of that evidence if she is not a first offender. In my view, because she is not a first

8

offender, the trial court correctly determined that she is not eligible to have her 2002 conviction expunged. Accordingly, I would affirm. Because the majority has determined otherwise, I respectfully dissent.

(French, J., of the Tenth District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

DARLENE B. BONTA and PAUL E. ZINDLE, Attorneys at Law, for Appellant.

JOHN CHAPMAN, Assistant Prosecutor, for Appellee.