[Cite as *Silver Lake v. Osman*, 2012-Ohio-1329.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO/
VILLAGE OF SILVER LAKE

    Appellee

v.

RAYMOND L. OSMAN

    Appellant

C.A. No.    26023

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2008 CRB 00010

DECISION AND JOURNAL ENTRY

Dated: March 28, 2012

CARR, Presiding Judge.

{¶1}    Appellant, Raymond L. Osman, appeals the judgment of the Stow Municipal Court. We affirm.

I.

{¶2}    On October 23, 2007, Osman pleaded guilty to theft in violation of R.C. 2913.02, a misdemeanor of the first degree. The conviction stemmed from an incident that occurred on October 16, 2007. Subsequently, on February 14, 2008, Osman pleaded guilty to possession of drug paraphernalia in violation of Section 513.12(c)(1) of the Silver Lake Codified Ordinances, a misdemeanor of the fourth degree. The offense occurred on January 1, 2008.

{¶3}    On April 14, 2011, Osman filed an application to have his convictions expunged in the Stow Municipal Court. In his application, Osman argued that it was in the public's best interest that he be designated as a first time offender pursuant to R.C. 2953.31. The trial court held an expungement hearing on June 7, 2011. The prosecution did not file an objection to the

application. At the request of the trial court, Osman submitted a supplemental brief on June 13, 2011. On June 16, 2011, the trial court issued a journal entry denying Osman's application.

{¶4} Osman filed a notice of appeal on July 12, 2011. On appeal, he raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DID NOT FIND APPELLANT TO BE A FIRST OFFENDER SINCE THE COURT FAILED TO MAKE A FINDING THAT IT IS NOT IN THE PUBLIC INTEREST TO COUNT THE OFFENSES AS ONE WHEN THE STATUTE REQUIRES THAT IF THE COURT DOES NOT MAKE THAT DETERMINATION; THEN THE COURT SHALL DETERMINE THAT THE OFFENDER IS A FIRST OFFENDER.

{¶5} In his first assignment of error, Osman argues that, because the trial court did not make a finding that it was not in the public interest to construe his two convictions as a single conviction, it was error to conclude that he was not a "first offender" pursuant to R.C. 2953.31. This Court disagrees.

{¶6} Pursuant to the authority of R.C. 2953.32(A)(1), a "first offender may apply to the sentencing court *** for the sealing of the conviction record *** at the expiration of one year after the offender's final discharge if convicted of a misdemeanor." If the applicant is not a first offender, the lower court lacks jurisdiction to order the expungement. *State v. Cuttiford*, 9th Dist. No. 97CA006724, 1998 WL 78695 (Feb. 11, 1998). Pursuant to R.C. 2953.31, a "first offender" is defined as:

> anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same incident, information, or complaint,

from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶7} This Court has recognized that multiple offenses need not occur simultaneously to be considered "connected with the same act." *State v. Taylor*, 9th Dist. No. 97CA006850, 1998 WL 281352 (May 27, 1998), quoting *State v. McGinnis*, 90 Ohio App.3d 479 (4th Dist.1993). This Court emphasized, however, that "in order to be 'connected with the same act,' the two offenses must be 'linked together coherently or logically' in such a way that they can properly be considered 'the same act' for purposes of expungement." *Taylor*, quoting *McGinnis*, 90 Ohio App.3d at 482.

{¶8} At the June 7, 2011 hearing on this matter, counsel for Osman argued that his two convictions were connected by Osman's "drug habit." Specifically, counsel argued that Osman was using marijuana during the period of time that both incidents occurred and the theft offense was committed so he could support his drug habit. When the trial court questioned whether it was "a stretch" to link the shoplifting conviction to the possession of paraphernalia offense on the basis of marijuana use, counsel for Osman responded that offenders who commit theft offenses to support their drug habit are often "sen[t] [] to drug rehab." When the trial court expressed continued skepticism, counsel for Osman noted, "[when] the person says that they were stealing for the purposes of supporting a drug habit, that is more than grounds enough to send them and have the government pay for drug rehabilitation for them."

{¶9} In its June 16, 2011 order, the trial court determined that Osman was not eligible to have the record of his prior convictions sealed because he was not a first offender pursuant to R.C. 2953.31. In reaching this conclusion, the trial court noted that while it "sympathize[d] with

the Applicant's plight," the convictions were simply "not connected with the same act." In addressing Osman's argument that both of his convictions stemmed from an underlying drug addiction, the trial court concluded that the crimes were "seemingly unrelated." The trial court further noted that because Osman was not a first offender under the statute, it was unnecessary to conduct further analysis under the expungement statute.

{¶10} Osman argues on appeal that because the trial court did not make a finding that sealing his record was not in the public interest, it was required to conclude that Osman was a first offender. Osman contends that while R.C. 2953.31 is "somewhat ambiguous," R.C. 2953.32 requires the trial court to find that the applicant is a first offender as "a consequence" of failing to find that sealing the record would not be in the public interest. Osman notes that the statutory framework should be construed liberally pursuant to R.C. 1.11. In support of his position that the two convictions should be counted as a single offense, Osman cites to several Ohio appellate cases, including *State v. McGinnis*, 90 Ohio App.3d 479 (4th Dist.1993), for the proposition that convictions that arise from a common provocation may be counted as a single conviction. *McGinnis* involved a situation where a man committed two offenses, approximately twelve hours apart, while on a drunken binge after learning that his wife was having an affair. The Fourth District held that the offenses, namely vandalism and operating a vehicle while impaired, were logically linked together because they both stemmed from a "drunken spree" which resulted from a disturbing experience. *Id*. at 482.

{¶11} While this Court shares in the trial court's sympathy for Osman's plight, we are compelled to uphold the trial court's judgment. As an initial matter, we note that R.C. 2953.32(A)(1) provides that "a first offender may apply to the sentencing court *** for the sealing of the conviction record." If the trial court concludes that an applicant is not a first

offender pursuant to R.C. 2953.31, the trial court lacks jurisdiction to order expungement and further analysis regarding whether it would be in the public interest to count the offenses as a single offense is unnecessary. *See Cuttiford.* Moreover, in this case, the two convictions for which Osman wished to have the record sealed were separate and complete offenses. This case does not involve a scenario where "two or more convictions result from or are connected with the same act or result from offenses committed at the same time[.]" R.C. 2953.31(A). Nor does this case involve "two or three convictions result[ing] from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding[.]" *Id.* On October 23, 2007, Osman entered a guilty plea to theft in relation to a shoplifting incident which had occurred on October 16, 2007. Two and a half months later, Osman was arrested for possession of drug paraphernalia, and subsequently pleaded guilty. The two convictions at issue here involved separate offenses that occurred at separate times, and proceeded through the judicial system independently of each other. Unlike *McGinnis*, the crimes in this case were not committed merely twelve hours apart and did not arise out of a single, anguish-induced binge. Osman has failed to establish a nexus that would have compelled the trial court to logically conclude that these two convictions should be counted as one conviction. Thus, as Osman had two separate and distinct convictions on his record, the trial court correctly denied Osman's application on the basis that he was not a "first offender" as defined by R.C. 2953.31(A).

{¶12} Osman's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THAT APPELLANT OSMAN'S TWO (2) MISDEMEANORS WERE FOUR (4) MONTHS APART WHEN THEY ACTUALLY OCCURRED ON OCTOBER 16, 2007[,] AND JANUARY 1, 2008; TWO AND ONE HALF (2 ½) MONTHS APART, WHEN THE STATUTE REQUIRES FOR FIRST TIME OFFENDER STATUS THAT THE MISDEMEANORS BE NOT MORE THAN THREE (3)

MONTHS APART; AS THE MISDEMEANORS ACTUALLY WERE, AND NOT AS THE COURT FOUND, SINCE THE COURT'S ERRONEOUS FINDING ELIMINATES APPELLANT'S ELIGIBILITY FOR FIRST OFFENDER STATUS.

**{¶13}** In his second assignment of error, Osman contends that the trial court erred in determining that his convictions occurred four months apart. Because our resolution of the first assignment of error is dispositive of this appeal, this Court declines to address the Osman's second assignment of error as it is rendered moot. *See* App.R. 12(A)(1)(c).

III.

**{¶14}** Osman's first assignment is overruled. This Court declines to address his second assignment of error as it is rendered moot. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
CONCURS

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶15} I reluctantly concur in the judgment of the majority. Given the limited record before us, which does not include any testimony or other evidence, I cannot say that the trial court erred in concluding that Mr. Osman was not a first offender as that term is defined by R.C. 2953.31(A).

{¶16} I write to point out that pursuant to R.C. 1.11, "[r]emedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice." *See also State v. Dzama*, 9th Dist. No. 25404, 2011-Ohio-2634, ¶ 8, quoting *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999). Thus, given the requirements of R.C. 1.11 and the somewhat ambiguous language contained in R.C. 2953.31(A), I believe the phrase "connected with the same act" must be broadly construed. As such, if the record supported Mr. Osman's assertions, I think it is possible that two convictions separated in time could be "connected with the same act[.]" R.C. 2953.31(A). However, as Mr. Osman's arguments are not supported by the record, I concur in the majority's judgment.

APPEARANCES:

DONALD P. MITCHELL, JR., Attorney at Law, for Appellant.

STACY MCGOWAN and JOHN CHAPMAN, Attorneys at Law, for Appellee.