[Cite as *State v. Mullin*, 2014-Ohio-764.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                          :

    Plaintiff-Appellee,                  :           CASE NO.   CA2013-04-033

                                         :           O P I N I O N
- vs -                                              3/3/2014
                                         :

STEVEN J. MULLIN,                       :

    Defendant-Appellant.                 :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 1992 CR 005362


D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Rubenstein & Thurman, L.P.A., Scott A. Rubenstein, 125 East Court Street, Suite 1000, Cincinnati, Ohio 45202, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1}  Defendant-appellant, Steven J. Mullin, appeals a decision of the Clermont County Court of Common Pleas denying his application for expungement.  For the reasons discussed below, we affirm the trial court's decision.

{¶ 2}  In October 1992, appellant was convicted of two counts of grand theft of a motor vehicle, both third-degree felonies, following a guilty plea wherein he admitted to the

theft of an automobile on March 8, 1992, and the theft of a second automobile on June 16, 1992.

{¶ 3} In March 1998, appellant filed his first application for expungement. His application was denied on May 1998 after the trial court determined appellant did not meet the definition of a "first offender" as set forth in the expungement statute in effect at that time. On January 29, 2013, appellant filed a second application for expungement, seeking to seal his record under the amended expungement statute, R.C. 2953.32(A)(1).

{¶ 4} A hearing on appellant's application was held March 5, 2013, at which time the state indicated it did not oppose expungement. Nevertheless, on March 22, 2013, the trial denied the application after determining appellant was not an "eligible offender" under R.C. 2953.31(A), as his two grand theft of a motor vehicle offenses occurred more than three months apart and, therefore, the convictions could not be "counted" as one conviction. The trial court further noted it was without jurisdiction to grant the expungement application based on its finding that appellant was not an "eligible offender."

{¶ 5} Appellant appealed, raising the following assignment of error:

{¶ 6} THE TRIAL COURT ERRED BY DETERMINING THAT IT LACKED JURISDICTION TO ENTERTAIN APPELLANT'S APPLICATION FOR EXPUNGEMENT.

{¶ 7} In his sole assignment of error, appellant contends the trial court erred as a matter of law when it concluded it lacked jurisdiction to grant his application for expungement. Appellant argues he is an "eligible offender" under R.C. 2953.31(A) as his two grand theft of a motor vehicle convictions had a "sufficient connection or relationship to each other such that they result[ed] from or are connected with the same act." Appellant also argues his application should not be denied merely because his offenses occurred three months and eight days apart from one another.

{¶ 8} "The sealing of a criminal record, also known as expungement, * * * is an 'act of

- 2 -

grace created by the state.'"  *State v. Boykin*, __ Ohio St.3d __, 2013-Ohio-4582, ¶ 11, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996).  In light of its nature, expungement should be granted only when all requirements for eligibility are met.  *Id.*, citing *State v. Futrall,* 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6.  If an applicant is not an "eligible offender" under R.C. 2953.31, the trial court lacks jurisdiction to grant the expungement application.  *State v. Kelly*, 12th Dist. Warren No. CA2002-04-041, 2002-Ohio-5887, ¶ 15; *State v. Tauch*, 10th Dist. Franklin No. 13AP-327, 2013-Ohio-5796, ¶ 7.  Whether an applicant is an eligible offender is a question of law that we review de novo.  *Kelly* at ¶ 8; *Tauch* at ¶ 7.

{¶ 9}  R.C. 2953.32 provides that an eligible offender may have a record of conviction expunged if a trial court determines there is no criminal proceeding against the applicant, the expungement of the record is consistent with the public interest, and the application's rehabilitation has been attained to the satisfaction of the court.  R.C. 2953.32(C)(2); *see also* R.C. 2953.32(C)(1) and *Boykin* at ¶ 12.  An "eligible offender" is defined, in relevant part, as follows:

> anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions if the convictions are not of the same offense, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction.  *When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction.  When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period* but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

(Emphasis added.)  R.C. 2953.31(A).

{¶ 10} Accordingly, pursuant to R.C. 2953.31(A), there are multiple ways in which an applicant's convictions can be counted as one conviction for purposes of expungement. Appellant asserts his two grand theft of a motor vehicle convictions should be counted as one conviction as (1) the convictions resulted from or are connected with the same act, or alternatively, (2) the convictions resulted from the same official proceeding and involved related criminal acts that were committed within a three-month period. We will address each of appellant's arguments below.

## A. Convictions Resulted from or are Connected with the Same Act

{¶ 11} Appellant argues he is an "eligible offender" because his two grand theft of a motor vehicle convictions "result[ed] from or are connected with the same act." He contends that his "behavior was not a series of criminal offenses, but rather a single criminal adventure with components that are logically connected." In support of his argument, appellant relies on *State v. McGinnis*, 90 Ohio App.3d 479 (4th Dist.1993).

{¶ 12} In *McGinnis*, the defendant committed two separate criminal acts on the same day. McGinnis vandalized the residence of his wife's paramour, and then, hours later, operated a motor vehicle while intoxicated. *Id.* at 480. McGinnis was found guilty of OVI and vandalism in 1982. *Id.* Nine years later, McGinnis sought to have the convictions expunged. *Id.* Over the state's objection, the trial court granted McGinnis' application. *Id.* On appeal, the Fourth District Court of Appeals upheld the trial court's decision after finding that McGinnis was a "first offender" as contemplated by former R.C. 2953.31(A).[1] *Id.* at 482. The

---

1. {¶ a} Prior versions of the expungement statute, R.C. 2953.31(A), referred to applicants as "first offenders" rather than "eligible offenders." The version of R.C. 2953.31(A) in effect at the time *McGinnis* was decided provided, in relevant part, the following:

  {¶ b} "First Offender" means anyone who has been convicted of an offense in this state or any other jurisdiction, and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction. When two or more convictions result from or are connected with

Fourth District held McGinnis' actions, which resulted in the two convictions, "were linked together logically." *Id.* The court noted both convictions resulted from a "drunken binge" that lasted the whole day after McGinnis learned his wife was having an affair. *Id.*

{¶ 13} The present case is unlike *McGinnis*. Here, appellant's actions were not separated by mere hours, but rather by more than three months. Further, the crimes involved two separate vehicles, taken from two separate locations and from two separate victims. The fact that the two offenses were in violation of the same statute, R.C. 2913.02(A)(1), does not mean that the two convictions "result[ed] from or are connected with the same act" as contemplated by R.C. 2953.31(A). *See, e.g., Koehler v. State*, 10th Dist. Franklin No. 07AP-913, 2008-Ohio-3472 (finding that appellant's 36 convictions for attempted sale of unapproved drugs, which occurred on 35 separate days over the span of five years, did not have a sufficient connection or relationship to each other such that they "result from or are connected with the same act" as contemplated by R.C. 2953.31[A]); *State v. Brewer*, 10th Dist. Franklin No. 06AP-464, 2006-Ohio-6691 (holding that appellant's convictions for one count of attempted possession of criminal tools and eight counts of attempted forgery were based upon separate and distinct acts that occurred on different days and that such convictions did not merge into a single offense for expungement purposes). Appellant's two convictions, therefore, cannot be counted as one conviction on this basis.

## B. Convictions Committed within a Three-Month Period

{¶ 14} Appellant also argues he is an "eligible offender" because his two convictions for grand theft of a motor vehicle resulted from the same official proceeding, involved related criminal acts, and were committed "close to" the three-month period. Appellant contends he should not be prevented from obtaining an expungement of his record merely because his

---

the same act, or result from offenses committed at the same time, they shall be counted as one conviction.

second offense occurred eight days beyond the three-month time period set forth in R.C. 2953.31(A). He argues the expungement statute should be liberally construed in his favor and that "the legislature did not intend for the 'three month' period to apply in such a riged [sic] and inflexible manner." He does not cite to any authority in support of his position.

{¶ 15} The interpretation of a statute is a matter of law. *State v. Casto*, 12th Dist. Clinton No. CA2008-08-033, 2009-Ohio-791, ¶ 12. "The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent in enacting the statute." *Id.* at ¶ 13, citing *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11. A court must look to the plain language of the statute to determine the intent. *Id.* "When the statute's meaning is unambiguous and definite, we apply the statute as written and no further interpretation is necessary." *Id.* Ambiguity exists when the statute's language is susceptible to more than one reasonable interpretation. *Id.*, citing *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 40 (2001).

{¶ 16} We find that the language of R.C. 2953.31(A) is definite and unambiguous. The statute plainly states that in order for two convictions to be treated as one conviction, the two convictions must have been from the same official proceeding, must have resulted from related criminal activity, *and must have been committed within a three-month period*. Had the legislature intended a longer period of time, it certainly could have included such a time period in the statute.

{¶ 17} To fall within the three-month period of time set forth in R.C. 2953.31(A), appellant's second offense needed to have been committed by June 8, 1992. As appellant conceded, his second offense did not occur until June 16, 1992, eight days beyond the three-month period set forth by the legislature. Given that the second offense occurred beyond the three-month time period, the two offenses could not be counted as one conviction. Appellant, therefore, is not an eligible offender under R.C. 2953.31(A).

{¶ 18} As appellant is not an eligible offender, the trial court properly denied his application for expungement.  Appellant's sole assignment of error is, therefore, overruled.

{¶ 19} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.