[Cite as *State v. Julian*, 2015-Ohio-5313.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                              :

    Respondent-Appellee,          :          CASE NO.   CA2015-05-088

                            :          O P I N I O N
- vs -                                                              12/21/2015

                            :

DANIEL G. JULIAN,                          :

    Petitioner-Appellant.          :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2004-03-0442

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for respondent-appellee

Gregory J. Vogt, 8310 Princeton-Glendale Road, West Chester, Ohio 45069, for petitioner-appellant

**RINGLAND, J.**

{¶ 1}   Defendant-appellant, Daniel G. Julian, appeals a decision of the Butler County Court of Common Pleas denying his application for expungement.  For the reasons set forth below, we reverse the trial court's decision.

{¶ 2}   In 2004, Julian was charged with theft after stealing deposits from multiple United Dairy Farmer ("UDF") stores while working as a district manager for the company.

Based upon his theft of deposits from a Butler County UDF, Julian pled guilty to one count of grand theft, a felony of the fourth degree. After completing his sentence, Julian's probation was terminated and he was discharged in 2009.

{¶ 3} In 2014, Julian filed a motion to seal the record of his conviction. The trial court scheduled a hearing on the motion for April 21, 2015. However, on April 10, 2015, the trial court filed an entry denying the motion for sealing of record of conviction. The court found that Julian was ineligible to apply for the sealing of record because of a previous felony conviction in Hamilton County, Ohio. Specifically, the trial court found that the two convictions "arose out of nearly two (2) years of criminal activity; thereby exceeding the three (3) month timeframe and rendering the defendant ineligible."

{¶ 4} Julian now appeals that decision, raising two assignments of error for our review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED AND APPELLANT WAS DENIED DUE PROCESS OF LAW BY FAILING TO SET AND HOLD A HEARING AS REQUIRED BY OHIO REVISED CODE §2953.32(B).

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DENYING APPELLANT'S REQUEST TO HAVE HIS RECORD SEALED.

{¶ 9} "The sealing of a criminal record, also known as expungement, * * * is an 'act of grace created by the state.'" *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). In light of its nature, expungement should be granted only when all requirements for eligibility are met. *Id.*, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6. If an applicant is not an "eligible offender" under R.C. 2953.31, the trial court lacks jurisdiction to grant the expungement application. *State v.*

*Kelly*, 12th Dist. Warren No. CA2002-04-041, 2002-Ohio-5887, ¶ 15; *State v. Tauch*, 10th Dist. Franklin No. 13AP-327, 2013-Ohio-5796, ¶ 7. Whether an applicant is an eligible offender is a question of law that we review de novo. *Kelly* at ¶ 8; *Tauch* at ¶ 7.

{¶ 10} R.C. 2953.32 provides "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." Thus, a court must first determine whether an applicant is an "eligible offender." R.C. 2953.31(A) defines an eligible offender as:

> anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶ 11} Thus, an offender with two felony convictions is generally precluded from applying for expungement. However, the statute provides two exceptions whereby multiple convictions must be counted as one for purposes of expungement. First, where the convictions "result from or are connected with the same act or result from offenses committed at the same time," and second, where the convictions "result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period."

{¶ 12} In the present case, the trial court relied on the second exception, finding that

Julian was not an eligible offender because he was convicted of more than one felony arising out of nearly two years of criminal activity. Specifically, the court cited Julian's fourth-degree felony theft conviction in Hamilton County. In turn, Julian argues that the criminal acts in Hamilton County occurred within a three-month period of the criminal acts in the present case. Julian asserts that the trial court was therefore required to consider them as a single conviction for purposes of expungement.

{¶ 13} A review of the record reveals no indication that the basis for the convictions in Hamilton and Butler Counties were the result of nearly two years of criminal activity. While information contained within the presentence investigative report may suggest a longer-term pattern of criminal activity, the convictions themselves resulted only from criminal activity occurring within a three-month period. Therefore, the trial court erred in finding that the convictions arose out of nearly two years of criminal activity. However, the convictions in Hamilton and Butler County did not result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding. Thus, the second exception requiring that courts treat two convictions as one for expungement purposes does not apply in the present case.

{¶ 14} Nonetheless, we must still consider whether the first exception applies under the present facts. As stated above, the first exception requires that two or more convictions be counted as one where they "result from or are connected with the same act or result from offenses committed at the same time."

{¶ 15} In considering this issue, the Fourth District held that a defendant convicted of vandalism and OMVI was a first offender even though the distinct criminal acts occurred 12 hours apart and in separate counties. *State v. McGinnis*, 90 Ohio App.3d 479 (4th Dist.1993). That court found that offenses which are linked together logically or coherently are considered "connected" for purposes of expungement. *Id.* at 482. Similarly, the First

District held that the defendant was a first offender even though he pleaded guilty to two separate counts of robbery of two victims in two separate cars, approximately 15 minutes apart. *State v. Penn*, 52 Ohio App.2d 315 (1st Dist.1977). While the courts in those cases used the term "first offender," rather than "eligible offender," we recognize that the pertinent exception to the restriction on eligibility for those having two convictions under the former statute is identical to the first exception under the current statute.

**{¶ 16}** Julian's two convictions were based upon acts of keeping deposits from multiple UDF stores that were under his management rather than placing those deposits in the proper bank accounts. The activities that were the basis of those convictions occurred within the same period of time, in the same manner, and involved the same victim. Thus, they are logically and coherently linked and must therefore be counted as one offense for expungement purposes. Accordingly, the trial court should have found that Julian is an eligible offender and held a hearing to determine whether to grant the sealing of the record.

**{¶ 17}** We note that this decision is determinative solely of Julian's eligibility to apply for expungement, and not the outcome of the application itself. That decision is left to the discretion of the trial court following the hearing and the required determinations under R.C. 2953.32(B)(2).

**{¶ 18}** Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.

M. POWELL, P.J., and HENDRICKSON, J., concur.